## EX PARTE BILL JONES.

### No. 1337. Decided June 25, 1897.

**1.  County Convict—Imprisonment as Satisfaction of Judgment.**

A county convict, in order to avail of the right to have his imprisonment dis-charge his fine and costs, under provisions of Code of Criminal Procedure, article 856 [816], must make affidavit of inability to pay the fine and costs; and unless this has been done he is not entitled to a credit of $3 a day during the time he is imprisoned.

**2.  Same.**

Where a county convict, who had been placed upon the county farm, and, after remaining there three days, was arrested for robbery and remained in jail under such charge until his acquittal, Held, that not having made the affidavit of inability to pay his fine and costs, he was not entitled to even claim the credit for the time of his imprisonment for robbery; and Held, further, even if he had been serving out his fine and costs on the convict farm, this would not prevent his arrest for the robbery; and, while held under the charge for robbery, he could not have been hired out in discharge of his fine and costs.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

Appeal from an order remanding relator to custody in a habeas corpus proceeding.

Defendant was tried in the County Court of McLennan County on March 20, 1897, and convicted on a charge of unlawfully carrying on or about his person a pistol, and his fine assessed at $25 and costs, amount-ing to the further sum of $53.85.   On the same day the County Judge of McLennan County, Texas, ordered the defendant to the county farm to work out his fine and costs.   On March 24, 1897, the grand jury of said county indicted the relator for the offense of robbery, and on the same day a warrant was issued for his arrest, and the sheriff of said county on said day removed relator to the county jail, where he still remains.

On April 23d he was acquitted of the charge of robbery, and was still held on the old fine, the officers refusing to allow him time for lying in jail. May 5, 1897, relator still being in jail, the authorities having failed to send him back to the farm, applied to the District Court for a writ of habeas corpus, which was granted, and upon trial relator was remanded to the custody of the sheriff.   The case was tried on an agreed statement of facts.

*Cunningham & Cunningham,* for relator.—The court erred in remand-ing relator to the custody of the sheriff, because the evidence is clear that relator was removed from the county farm by the county officers against his consent, and by them prevented from working out his fine and costs, and they having elected to keep him in jail, he is entitled to $3 per day, and at that rate he has long since paid his fine and costs.

The relator is entitled to a credit of $3 per day on his fine and costs when the county officers refuse to permit him to work on the county farm, after having sent him there because he was unable to otherwise pay

the fine and costs, and it makes no difference whether or not he is also held on a felony charge, and especially when on trial he establishes innocence thereof.

These assignments show the propositions relied on, and we submit the following authority: Ex Parte Richmond, 34 Texas Crim. Rep., 112.

As the agreed statement of facts shows the County Judge to have actual knowledge of defendant's inability to pay his fine and costs, he is entitled to a credit of $3 a day.

*Mann Trice*, Assistant Attorney-General, for respondent.—The record fails to disclose a full compliance with the provisions of article 980, Code of Criminal Procedure (new code). Therefore, relator was not entitled to discharge on hearing in habeas corpus proceedings.

DAVIDSON, JUDGE.—Relator was convicted for carrying a pistol on and about his person. After the conviction he was placed at work upon the county convict farm, and remained there for the space of three days, at the end of which time he was arrested by the sheriff on a capias charging him with robbery, and conveyed to the county jail, where he remained until his trial and acquittal of the alleged robbery. This acquittal occurred on the 23d day of April, 1897. The petition for the writ of habeas corpus was sworn to April 27, 1897.

Appellant's contention is that he is entitled to his discharge, because he was willing to work on the county convict farm, but was prevented by his arrest on the said charge of robbery, after having served the three days specified. There was no affidavit made by relator, so far as the record discloses, setting up his inability to pay the fine and costs, as required by article 856 [816], Code of Criminal Procedure. In order to secure the advantages of the provisions of said article, the party invoking same must make the affidavit required that he is unable to pay the imposed fine and costs. When this has been done, he may be hired out or put to work, as provided by that statute. In case he is not put to work or hired out, he must be discharged after having remained in prison a sufficient length of time to satisfy the fine and costs, at the rate of $3 per day. Again, the sheriff had a right to arrest the relator for the robbery, though he was serving out his fine and costs on the convict farm, and the county authorities would have no right to take relator from jail while he was held under the charge of robbery, for the purpose of hiring him out or placing him at work to discharge the fine and costs. These questions were before this court in Ex Parte Godfrey, 11 Texas Criminal Appeals, 34, and that case is in point.

As the evidence in this record presents appellant's case, the court was right in remanding him to custody, and the judgment is affirmed.

*Affirmed.*