1. CRIMINAL LAW (§ 1172*)—INSTRUCTIONS—MISDEMEANORS.

While the court need not charge the jury in a misdemeanor case unless requested to do so, if he does give an erroneous charge, it will require a reversal, if it is excepted to and a correct charge requested.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169; Dec. Dig. § 1172.*]

2. CRIMINAL LAW (§ 815*)—INSTRUCTION—DEFENSE.

It is reversible error, in a prosecution for unlawfully carrying a pistol to refuse to submit to the jury the defense that defendant was taking the pistol to get it repaired, as he testified, where a special charge on that point was requested.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1922, 1986; Dec. Dig. § 815.*]

Appeal from Sabine County Court; J. B. Lewis, Judge.

R. W. Buckley was convicted of unlawfully carrying a pistol, and he appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of the offense of unlawfully carrying a pistol, from which judgment he prosecutes this appeal.

[1] There is but one question in the record that should be reviewed: Did the court err in failing to give a special charge requested by defendant? In a misdemeanor case the court is not required to charge the jury, unless requested so to do; but, in the event he does do so, he should correctly present the law as applicable to that case, and if he does not do so, and the error in the charge is excepted to at the time, and a special charge requested in regard to the matter, it will present such error as will necessitate a reversal of the case.

[2] That appellant had a pistol is proven beyond question; in fact, is not denied by appellant. But he says he bought the pistol the evening before; that he was working for Mr. Howard, but his home was with his father; that the next morning, when arrested, he was taking the pistol to his father, to get him to carry it to Bronson to get it repaired. The court refused to submit this defensive plea in his charge, and refused the special charge in regard thereto, and it is such error as will necessitate a reversal of the case.

Reversed and remanded.

## CULWELL v. STATE.

(Court of Criminal Appeals of Texas. May 7, 1913. On Motion for Rehearing, June 4, 1913.)

CRIMINAL LAW (§ 1216*) — PUNISHMENT — CUMULATIVE SENTENCES.

The object of Code Cr. Proc. 1911, art. 862, providing that where one has been convicted of two or more crimes, and the punishment assessed in each is confinement in the penitentiary, the judgment and sentence shall be rendered in each case as if there had been but one conviction, except that the punishment on a subsequent conviction shall begin when the sentence in the preceding conviction terminates, is to provide for cumulative punishment; and where one is sentenced to the penitentiary pending his motion for new trial after conviction of another offense, the sentence on the latter conviction is properly made to begin on the termination of the former sentence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3310–3319; Dec. Dig. § 1216.*]

Appeal from District Court, Potter County; James N. Browning, Judge.

J. L. Culwell was convicted of crime, and appeals. Affirmed.

Cooper, Merrill & Lumpkin, of Amarillo, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of false swearing and given the lowest penalty—two years in the penitentiary.

There is but one question in this case, and that is whether or not the court below, in sentencing the appellant herein, fixed the term to begin when the sentence of convic-

tion in another case in Floyd county should terminate.

There is a statement of facts on that question, and also a bill of exception by appellant which shows the facts. There was no controversy as to any of the facts. They show that on March 12, 1913, in this cause, defendant was properly convicted of false swearing and his penalty fixed as above stated; that a proper judgment of conviction was then rendered against him; that he made a motion for a new trial; that on March 15, 1913, upon a bench warrant from the district court of Floyd county, appellant was taken from the sheriff of Potter county to the county seat of Floyd county; that on March 17, 1913, appellant was tried in the district court of Floyd county for incest, and upon his plea of guilty his penalty was fixed at two years in the penitentiary and the proper judgment thereon entered; that on March 18, 1913, at his request and his waiver of the time allowed for making a motion for new trial, the court pronounced and entered the proper sentence against him in said incest conviction, and in said sentence the sheriff of Floyd county was ordered to deliver appellant to the sheriff of Potter county at Amarillo, subject to the disposition of his motion for new trial in the case in Potter county against him for false swearing, and when said motion shall be disposed of the sheriff of Potter county shall convey the appellant to the penitentiary, where he shall be confined to imprisonment for two years in accordance with the law. It was admitted that appellant is the identical same defendant who was tried and convicted in Floyd county on March 17, 1913, and that he was the same identical person who was tried and convicted in the district court of Potter county on March 12, 1913. When his conviction occurred in Potter county, he insisted that he should be permitted to remain there until his motion for new trial was heard and passed upon by the court, and that he did not consent to his removal to Floyd county on said bench warrant, but objected thereto; but the court, over his objection, recognized and granted said bench warrant from Floyd county, and permitted the Floyd county sheriff to take him out of the custody of the Potter county sheriff and take him to Floyd county, where the case against him was tried, and he was sentenced as above shown; that he was returned to the court and sheriff of Potter county on March 18, 1913; that on March 22, 1913, he was brought into court for the purpose of hearing his motion for new trial. He thereupon withdrew his motion for new trial and requested the court to pronounce sentence upon him as of date March 12, 1913. The court, desiring to investigate the law and determine whether he could, in sentencing appellant, fix his term to begin at the expiration of the Floyd county case, declined at that time to sentence him. But on March 28, 1913, after having in-vestigated the law and satisfied himself on the point, did properly sentence the appellant to confinement in the penitentiary for two years, to begin at the expiration of the sentence in the Floyd county case. We deem it unnecessary to discuss this question.

Our statute (article 862, C. C. P.) prescribes: "When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the sentence and execution thereof shall be accordingly."

Under our law the judgment of conviction in a felony case is not the final judgment. It takes the sentence, and until the sentence the judgment is not final. While the judgment of conviction was had in the Potter county case before the conviction and sentence in the Floyd county case, under the law the conviction in the Floyd county case became final before that in the Potter county case. This question has been expressly and correctly decided by this court against appellant. Ex parte Moseley, 30 Tex. App. 338, 17 S. W. 418; Miller v. State, 44 S. W. 162; Bullard v. State, 40 Tex. Cr. R. 270, 50 S. W. 348; Branch's Crim. Law, § 741. See, also, section 1197, White's Ann. C. C. P.

The judgment will be affirmed.

### On Motion for Rehearing.

The facts are fully stated in the original opinion. The statute (article 862, C. C. P.) was also copied therein. Appellant contends in his motion for rehearing that that part of article 862 which is "except that the judgment in the *second and subsequent convictions* shall be," etc., means, and should be construed only to mean, the judgment of "conviction," and not the sentence. He contends that the Potter county conviction was the *first conviction*, and the Floyd county conviction was the *second conviction*, and that the cumulative punishment, in order to be legal, should have been prescribed in the Floyd county sentence, and not in the Potter county sentence.

It is evident that the Legislature clearly intended that, where a person was convicted for two offenses, the time fixed for service in the penitentiary should be cumulative, and should not be concurrent; otherwise there would be but one punishment for two offenses. It would not be proper in the entry of the judgment upon the verdict of the jury of guilty in a felony case to then and therein fix the time at which the service of the defendant in the penitentiary shall commence. This is never done. The time the sentence is

to begin is fixed by the judgment of sentence, and not the judgment upon the verdict. The judgment of sentence in the Floyd county case having been rendered and entered before any sentence in the Potter county case was rendered or entered, it would not have been proper for the Floyd county sentence to have fixed the term of the appellant to begin when the sentence in the Potter county case should terminate, because no judgment of sentence in the Potter county case had then been rendered, and no time had been fixed by the Potter county case for his sentence to begin. As a matter of fact, the record shows that the Potter county case was still pending on his motion for new trial. It might have been that upon hearing this motion the court in Potter county would have granted a new trial, or, refusing a new trial, on appeal to this court a reversal might have been ordered. Then, in either event, upon another trial appellant might be acquitted. Then there would be no judgment of either conviction or sentence in the Potter county case, at the expiration of which time the sentence of the appellant in the Floyd county case could have been fixed to begin.

It was the evident intention of the Legislature, and we think the only reasonable construction that can be placed on said article 862 is, that whichever *sentence* is first pronounced and entered is the first conviction. And that to take the whole article and the clear purpose and intent of the Legislature it is clear to us that the last sentence pronounced is, in contemplation of that article, the second and subsequent conviction, and that the last sentence, whether it be the case first originally tried, wherein a verdict of guilty is rendered, or not, is the subsequent or last conviction and sentence contemplated by said article and the law.

The motion for rehearing is overruled.