## EX PARTE JOSH DAVIS.

No. 2805. Decided October 29, 1913.

**1.—Cumulative Punishment—Statutes Construed.**

Under article 862, Code Criminal Procedure, the courts can order a cumula- tive term and that one term of imprisonment shall begin at the expiration of another, and in case the court does not so order in his final judgment, the terms of punishment run concurrently. Following Ex parte Hunt, 28 Texas Crim. App., 361, and other cases.

**2.—Same—Misdemeanor—Felonies—Practice—Sentence.**

The provisions of article 862, Code Criminal Procedure, apply as well to misdemeanors as to felonies, and there is no good reason why if a person is convicted of a felony and sentenced to a term of years in the penitentiary and subsequently tried and convicted of a misdemeanor with imprisonment in the county jail, the court could not order that the latter should begin after the expiration of the former. Prendergast, Presiding Judge, dissenting.

**3.—Same—Case Stated—Cumulative Punishment.**

Where, at the time relator was committed to jail on a conviction of misde- meanor theft, and had been convicted of no felony at that time, but was com- mitted to the county jail for said theft and served for three months therein before he was tried for burglary, no prior conviction having been had at the time he was convicted of the misdemeanor theft, the trial court would have been power- less to order a cumulative penalty and did not attempt to do so, and the time he so served in jail for such misdemeanor imprisonment must be computed as a part of the four months imprisonment assessed against him for said misdemeanor, and a charge of felony for which he had not yet been tried could not interrupt such sentence; and this although he had failed to give bail on the felony charge. Prendergast, Presiding Judge, dissenting.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn.

Appeal from a habeas corpus proceeding asking release from im- prisonment in the county jail for a misdemeanor after having served for a felony in the penitentiary, and also confinement in the county jail.

The opinion states the case.

*A. T. Russell* and *J. A. Spears,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—It appears from the record that in June, 1910, appellant was arrested charged with theft and burglary. It is not apparent from the record whether he was first arrested on the charge of theft or burglary, the only dates being given is that he had an examining trial for burglary on June 18, 1910, and was tried in the County Court on a charge of theft on June 20, 1910, and as the law gives him two days after arrest before trial it would appear that he had been arrested on the theft charge at least two days prior thereto. So from the record before us, it reasonably appears that the arrests were contemporaneous or nearly so. At the examining trial held on the 18th of June, 1910, he was bound over to await the action of the grand jury, his bond being fixed at $200, in default of which he was remanded to jail. Two days later he was adjudged guilty of theft, and his punishment fixed at four months in jail and a fine of $10. Relator has paid the $10 fine and all costs incurred. So the only question to determine is, whether the time from and after his conviction for theft and commitment to jail until he was tried and sentenced to the penitentiary shall be computed as a part of the four months imprisonment assessed against him.

The contention of the State is that as appellant was held on a charge of burglary in default of bond, the time he served until his trial and conviction for burglary should not be counted, while the contention of relator is, that it should be counted, for if he had given bond in the burglary case, the State would not have released him from jail, as he was also committed to jail for a four months sentence on the conviction for theft. Article 862 of the Code of Criminal Procedure reads:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the sentence and execution thereof shall be accordingly."

Prior to the adoption of this article of the Code it was held by our Supreme Court in the case of Prince v. State, 44 Texas, 480, that the courts had no authority to cumulate the penalty and have one sentence begin at the expiration of another, but that they run concurrently, and this has always been the rule in this State. Hannahan v. State, 7 Texas Crim. App., 664; Baker v. State, 11 Texas Crim. App., 262. So it is by virtue of this provision of the Code that courts in this State can order a cumulative term, and that one term of imprisonment shall begin at the expiration of another, and in case the court

does not so order in his final judgment, the terms run concurrently. Ex parte Hunt, 28 Texas Crim. App., 361; Ex parte Cox, 29 Texas Crim. App., 84.

It has also been held that this provision of the Code applies as well to misdemeanors as to felonies. Stewart v. State, 37 Texas Crim. Rep., 135; Ex parte Cox, 29 Texas Crim. App., 84; Ex parte Hunt, 28 Texas Crim. App., 361. And we see no good reason why if a person is convicted of a felony and sentenced to ·a term of years in the penitentiary, and subsequently tried and convicted of a misdemeanor, and his punishment assessed at imprisonment in the county jail, the court could not order that the latter should begin after the expiration of the former. Certainly the Code is broad enough in its terms to embrace such construction, and seems by its very terms to so state, and we see no good reason to give it the narrow or more restricted construction given it by our Presiding Judge in his opinion affirming the judgment. But the decision of this question is not necessary to a disposition of this case. At the time appellant was committed to jail on conviction for theft he had been convicted of no offense, and served in jail for three months before he was tried. To admit that appellant was in jail charged with a felony, but not yet tried, and while undergoing such confinement he is taken out and tried for a misdemeanor, and his punishment fixed at imprisonment in the county jail, the court in its judgment orders him committed to jail as of · that date to begin the service of time fixed by the judgment, and the fact that he was in jail on a charge of felony would not and could not .deter the time of beginning the term of service under the judgment of the County Court under which he is then committed to jail, and from confinement therein he would not be entitled to release even though he gave bond in the felony charge. In the case of Lockhart v. State, 29 Texas Crim. App., 35, it was held by this court that even though the judgment stated the punishment or sentence was to begin in future, this would be error if the record did not affirmatively show that there had been a prior conviction, and this sentence ordered to begin at the expiration of the first. In this case there is no contention that there had been a prior conviction, but only that a complaint had been filed against him on which he was bound over to the grand jury, and certainly this fact would not postpone the judgment in the County Court until he was tried some time in the future for burglary. No prior conviction having been had at the time he was convicted of theft, the court would have been powerless to order a cumulative penalty, but it did not attempt to do so, and this court will not do so, when the trial court did not so order.

As appellant served some three months and thirteen days in jail prior to his trial and conviction for burglary, and since his discharge from the penitentiary, he has served in jail more than seventeen days in addition to the time served before his conviction, he is entitled to

be discharged, and the cause is reversed and remanded with instructions that he be discharged from custody.

*Relator discharged.*

PRENDERGAST, PRESIDING JUDGE (dissenting).—This is an appeal from the refusal of the district judge to discharge relator on the trial of his habeas corpus case.

The facts are brief and without contradiction. They show that on June 18, 1910, relator was arrested and held on a charge of burglary and on that day had an examining trial, when his bail was fixed at $200. That he failed or refused to make bail, and in default thereof was remanded to jail to await the action of the grand jury at the next term of the District Court. Two days later, on June 20th, he was tried on a petty theft case, convicted, and his punishment fixed at a fine of $10 and four months in the county jail. On October 3, 1910, the District Court, having convened, he was indicted for burglary, to which he plead guilty, and he was properly sentenced to the penitentiary for a term of two years. His sentence in the penitentiary began at once, and he served the full time as required by law. Immediately upon his discharge from the penitentiary, a capias pro fine having been issued against him to collect the said $10 and the costs of said petty theft case, he promptly paid that in full. Still later, on July 27, 1913, a capias was issued under which he was taken into custody by the sheriff so that he could be confined in the county jail for a term of four months as fixed by his petty theft conviction, and then turned over to the Superintendent of the county farm who took charge of him, and, under the law, put him to work on the public roads of the county as a county convict.

The contention is that the time he was in jail from June 20 to October 3, 1910, should be computed as a part of his imprisonment for the four months for petty theft, and that as his subsequent imprisonment added to that time was equal to or exceeded four months, that he is entitled to his discharge, claiming this under article 862 of the Code of Criminal Procedure.

The question to be determined by this court now is, whether or not the time he was in the county jail from June 20 to October 3, 1910, shall be allowed to him as a part of his said jail sentence. Said article 862 is, that when the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the sentence and execution thereof shall be accordingly.

In my opinion this statute is inapplicable to this case. Certainly

it was not intended by this that imprisonment in the penitentiary under a felony conviction shall be discharged by confinement in the county jail under a misdemeanor conviction fixing the punishment at such confinement in the county jail, nor that confinement in the county jail under such misdemeanor conviction should be a part of the punishment for a felony conviction and confinement in the penitentiary. In other words, as I understand this statute, the convictions in two or more cases must be either felonies alone, or misdemeanors alone.

Again, it is clear to me that the relator being first on June 18, 1910, properly in jail upon his failure to execute bond for his appearance in the felony case, the fact that he was two days later convicted of a misdemeanor theft, and a part of his punishment assessed as confinement in the county jail, would not convert his being held for bail first in the felony case into his being held in jail as a part of the imprisonment for misdemeanor conviction. If his misdemeanor conviction had been first, and he had been held in jail on that conviction at first, and subsequently committed to jail for his failure to execute bail in the felony case, then perhaps the time he was in jail should have been applied on his jail punishment.

In Ex parte Godfrey, 11 Texas Crim. App., 34, this court, through Judge Hurt, said: "But certainly the county authorities have no right to take from jail a prisoner charged with felony, and hire him out, *or place him to work,* as is required by article 878 ('816). To do so would be a very great wrong, if not a felony. Suppose the prisoner was charged with capital felony; will it be insisted that he should thus in effect be discharged. The article embraces cases in which the prisoner is convicted of misdemeanor, the punishment being a pecuniary fine, *and is, of course, controlled by the law regulating bail.*" (Italics mine.)

As said by this court in the recent case of Culwell v. State, 70 Texas Crim. Rep., 596, 157 S. W. Rep., 765, it is evident that the Legislature clearly intended that where a person was convicted of two offenses, the time fixed for service in the penitentiary (or jail) should be cumulative and should not be concurrent, otherwise there would be but one punishment for two offenses.

Our law authorizes, if it does not require, the counties of the State to provide work houses or county convict farms upon which county convicts whose punishment is confinement in the county jail for any period longer than one day, *shall be required,* by the counties, to do manual labor in accordance with the provisions of the Revised Civil Statutes. The Civil Statutes regulating this subject are chapter 3, title 104, beginning with article 6232. Article 6233 expressly provides that a county convict embraces one whose punishment for a misdemeanor is assessed at imprisonment in the county jail for any term, and the law *requires* the counties to put such convicts at work upon public roads, bridges or other public works of the county, etc. Art. 6238. These authorities, and the clear effect of the statutes, too, show that

··the counties have no right to take a county convict out of jail, when held therein on account of his failure or refusal to give bail on a felony charge, and hire him out or put him to work on the convict farm or public roads, etc., but that he must be held in jail on such felony charge, and that the law requiring this *controls.* If this were not true the counties would be helpless in such a case as this, and would be put to enormous expense in maintaining county convicts. If the county convict could thus manipulate he would and could entirely escape all punishment for a misdemeanor. Suppose he was convicted of some grave misdemeanor, and his crime and conduct called for severe punishment therefor, and such was imposed, and he had also committed some grade of light felony, and refused to make bond therefor, then by continuing the trial of his felony case he could and would escape all punishment for the misdemeanor. This should not be the case, and, in my opinion, if the law is administered, as it should be in all cases, is not the case. I think the doctrine of cumulative punishment, or rather of concurrent punishment, when not made cumulative, has not, and can not have, application. In this case the statement of facts shows that the relator was properly held, in my opinion, by the county superintendent of the county work house, and was properly put to work and was at work on the county roads under the authority and requirements of said law. See also Ex parte Dockery, 38 Texas Crim. Rep., 293; Ex parte Jones, 38 Texas Crim. Rep., 142.

In my opinion, the district judge was correct in remanding the relator to the custody of the proper county authorities to work out his said four months term of imprisonment under said misdemeanor conviction, and that the time from June 20 to October 3, 1910, at which he was held in jail, should be construed, and can properly be construed only, as no part of his said jail penalty, but that he was held during said time under the terms of his first commitment for failure to make bail in the felony case against him, and that the judgment of the district judge should be affirmed and relator not discharged, and I dissent from the court's opinion.