### Ex Parte Lizzie Higgins.

No. 2868.   Decided November 5, 1913.

**1.—Contempt—Witness—Immunity.**

The county attorney or prosecuting officer and the grand jury alone can not give immunity to compel a witness to answer questions before the grand jury which might incriminate her, without the approval of the trial judge.

**2.—Same—Rule Stated.**

It is always better, if not actually essential, that the court should make it a matter of record at the time that complete immunity was offered the witness by the prosecuting officer with the sanction and approval of the court, and, indeed, better practice that the offer of immunity should be in writing.

From Johnson County.

Original habeas corpus proceeding asking release from confinement for contempt for refusing to answer certain question by the grand jury.

The opinion states the case.

*Ward & Ward,* for relator.—On question of immunity: · Flemming v. State, 28 Texas Crim. App., 234; Diserin v. State, 59 Texas Crim. Rep., 149, 127 S. W. Rep., 1038; Mosely v. State, 35 Texas Crim. Rep., 210; Ex parte Napoleon, 65 Texas Crim. Rep., 307, 144 S. W. Rep., 269; Ex parte Wilson, 39 Texas Crim. Rep., 630.

*C. E. Lane,* Assistant Attorney-General, and *Jno. K. Russell,* County Attorney, and *W. E. Myres,* for the State.—Cited Ex parte Napoleon, supra.

PRENDERGAST, Presiding Judge.—This is an original application to this court for a writ of habeas corpus in a contempt proceeding against the relator for refusing to answer a question or questions before the grand jury of Johnson County.

The record shows that the relator was a young unmarried girl under

fifteen years of age and only about fourteen years of age; that the grand jury was investigating the question of rape upon this girl; that she had given birth to a child on May 11, 1913, and when asked who was the father of this child she positively refused to answer, without at the time, stating any reason before the grand jury. The record further shows that the county attorney thereupon offered her complete immunity, if she would testify, but she still refused; whereupon, the grand jury, properly, in open court, brought the relator in the presence of the court and stated that she had refused to answer said question when they had under consideration a felony. The record does not disclose in any way that at that time the court understood what the felony charge was nor that the investigation was for rape upon relator, nor that the county attorney had offered her complete immunity. The record now before us discloses further, that it was not brought to the attention of the court that her answer would subject her to a prosecution for incest with her grandfather, whom it appears was claimed to be the father of her child and the record in no way discloses that the court sanctioned the immunity offered to her by the county attorney.

In the case of Ex parte Muncey, this day decided, the question of whether or not when a witness is offered complete immunity by the prosecuting officer, which is sanctioned by the court, such witness can be compelled to testify is fully discussed and decided in an opinion by Judge Harper. The discussion and decision in that case is so full and clear that it is altogether unnecessary to again discuss it in this case. We think it clear that the county attorney or other prosecuting officer and the grand jury alone, can not give such immunity so as to compel the witness to answer. But that such immunity by the prosecuting officer must be sanctioned and approved by the court, and, unless and until this is done complete immunity is not offered and the witness can not be compelled to answer. If the record had disclosed that the court sanctioned the complete immunity in this case, as it did in the Muncey case, we would hold that the relator was in contempt of court and the judgment of the court so adjudging was correct, and refuse to discharge the relator.

It is always better, if not actually essential, that the court should make it a matter of record at the time that complete immunity was offered the witness by the prosecuting officer, with the sanction and approval of the court, and it even might be better for the offer of such immunity by the prosecuting officer to be in writing, but it is unnecessary for us to decide now that the offer of immunity by the prosecuting officer should be in writing. It is, of course, better practice for the court's sanction and approval to be made a matter of record.

Because the record in this case does not disclose that the offer of immunity to the relator was with the approval and sanction of the court, this court must order the discharge of the relator which is accordingly done.

*Relator discharged.*