## EX PARTE LOTTIE BELLE BARNES.

### No. 3118. Decided April 22, 1914.

### Rehearing denied May 13, 1914.

**1.—Habeas Corpus—Pleading—Proof Required.**

An application for habeas corpus is a mere pleading, and does not prove itself, and where relator introduced no evidence in support of his allegations he must be remanded to custody. Following Ex parte Welburn, 70 Texas Crim. Rep., 464.

**2.—Same—Contempt—Witness—Immunity.**

Where relator was carried before the district judge to be sworn to answer questions before the grand jury, and refused to be sworn, this would be contempt of court and would authorize her confinement in jail, etc., besides, the witness was promised immunity by the district attorney and the district judge from prosecution for incestuous relations between herself and father, and could, therefore, be compelled to testify. Following Ex parte Muncy, 163 S. W. Rep., 29, and other cases.

**3.—Same—Practice—Immunity.**

It is the better practice in such cases that the sanction of immunity and the approval of the district judge should be made a matter of record and recite the facts.

From Bexar County.

Original habeas corpus proceeding asking release from a commitment for contempt of court, for refusing to testify as a witness before the grand jury.

The opinion states the case.

*John R. Storms* and *Edwin F. Vanderbilt,* for relator.—Cited Ex parte Newman, 38 Texas Crim. Rep., 164; State v. Peters, 42 Texas, 7;

Windom v. State, 56 Texas Crim. Rep., 198, 119 S. W. Rep., 309; Langford v. State, 9 Texas Crim. App., 283; Harkreader v. State, 35 Texas Crim. Rep., 243; O'Bryan v. State, 27 Texas Crim. App., 339; Ex parte Sauls, 46 Texas Crim. Rep., 209; Ex parte Wilson, 39 id., 630; Ex parte Park, 37 id., 590.

C. E. Lane, Assistant Attorney General, for the State.

HARPER, JUDGE.—Relator having been refused a writ of habeas corpus by the District Courts in Bexar County, applied to this court and was granted a writ, and the hearing set for April 15th. On that day relator's attorney and the district attorney appeared and argued the case, but relator introduced no evidence in support of the allegations contained in the application. In the absence of any proof supporting the allegations relator should be remanded. The application is merely a pleading, and does not prove itself. Ex parte Welburn, 70 Texas Crim. Rep., 464, 157 S. W. Rep., 154, and cases there cited.

The district attorney did offer some evidence, and this evidence would show that when the relator was summoned before the grand jury she refused to be sworn or affirm. When she was carried before the district judge she again refused to be sworn to answer any question, or to affirm in any way, and yet there is no proof offered that such action was on account of any religious or other convictions. This would be such contempt as would authorize her confinement in jail until she should purge herself of contempt and take the oath required by law to be administered to all witnesses.

It would seem from the proof offered by the district attorney that relator presumed that she was going to be questioned by the grand jury about alleged incestuous relations between her and her father. This furnishes no excuse for refusing to be sworn to answer such questions as might be propounded to her by the grand jury. After being sworn, if such questions were propounded, then and not until then would she be justified in refusing to answer such questions. However, it further appears from the testimony offered by the district attorney, that when the witness refused even to be sworn, that he then and there offered and tendered her complete and absolute immunity from prosecution as to any matter about which she might be called upon to testify, which tender met with the sanction and approval of the district judge. Under such circumstances she could be compelled to testify as to her incestuous relations between herself and her father, if any. Ex parte Muncy, 71 Texas Crim. Rep., 541, 163 S. W. Rep., 29, and Ex parte Higgins, 71 Texas Crim. Rep., 618, 160 S. W. Rep., 696. As said in the Higgins case, it is the better practice that the sanction and approval of the judge of the District Court be made a matter of record in his court, and while the judgment entered in this case impliedly so states, yet it does not expressly do so, and in all such orders it would be proper, and the court should recite that immunity from prosecution had been offered the witness, which offer

the court approved, and he then and there informed the witness she could not and would not be prosecuted for any matter about which she might be called on to testify.

The relator is remanded.

*Relator remanded.*

Davidson, Judge, absent at consultation.

[Rehearing denied May 13, 1914.—Reporter.]