EX PARTE WALTER M. JOHNSON.

No. 24372. March 9, 1949.

*J. B. Sallas,* Crockett, for relator.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Appellant presented to Judge V. M. Johnston, District Judge of Houston County, Texas, a petition for writ of habeas corpus claiming that he was entitled to be released from the penitentiary. The writ was issued and a hearing had, and on February 4, 1949, a judgment entered remanding appellant to the custody of the penitentiary authorities. It is from such judgment this appeal is prosecuted.

The facts developed on the hearing revealed that in Cause No. 4065 in Hardin County District Court appellant was, on September 1, 1943, convicted of burglary and assessed a punishment of four years in the penitentiary and duly sentenced on the same date. On the same date appellant was convicted in the same county in Cause No. 4066 of burglary and assessed a like punishment of four years in the penitentiary and duly sentenced on the same date. These sentences ran concurrently. On January 7, 1944, in Harris County, appellant was convicted in Cause No. 53863 of felony theft, and his punishment assessed at four years in the penitentiary. He was sentenced on the same date, and in the sentence appears the following language: "Defendant sentenced cumulative with sentence now serving— Assessed in District Court of Hardin County."

Appellant was convicted of felony theft in the District Court of Liberty County on January 24, 1944, and punishment assessed at five years in the penitentiary in Cause No. 4089, and was duly sentenced on the same date. This sentence ran concurrently with

the Hardin County sentences. On February 7, 1944, in Liberty County, appellant was convicted in Cause No. 7020 of felony theft and assessed a penalty of five years in the penitentiary and duly sentenced on the same date. This sentence ran concurrently with the previous sentences. On the same date appellant was convicted in Liberty County in Cause No. 7021 of burglary and given five years in the penitentiary and was also sentenced on the same date, which sentence also ran concurrently with the previous sentences. Except in the case from Harris County, no effort was made to cumulate any sentence against appellant.

It is appellant's contention that the recital in the sentence from Harris County was insufficient to make the attempted cumulation effective, and that the longest effective sentence against him was for five years, which he has already served and is, therefore, entitled to his release from the penitentiary.

Article 774, C. C. P., states what the judgment (sentence) should show where a sentence is sought to be made cumulative of another sentence, as follows:

"The judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases."

In Bland v. State, 145 Tex. Cr. R. 267, 167 S. W. (2d) 761, the court in Ellis County sought to accumulate a sentence with one previously assessed in Kaufman County in the following language: "This sentence is to be cumulative * * * of the conviction for a similar offense in the District Court of Kaufman Co., Texas." This court said:

"It will be observed that neither the date of the Kaufman County conviction nor the term assessed against him there are given. There is no description by which that judgment may be identified. This we consider an essential ingredient of the court's order making one sentence accumulative of another. Without holding that the form must be literally followed, we nevertheless commend *Wilson's* form #986 as being sufficiently specific to identify the previous judgment of conviction and to fix the time at which the present sentence should begin to run."

In Ex parte Snow, 151 Tex. Cr. R. 640, 209 S. W. (2d) 931, we were dealing with the question where two convictions in the same court were had, and the order cumulating the sen-

tences held sufficient in the majority opinion, but the present writer registered his dissent to the holding. However, in the majority opinion is found the following statement: "Had there been cases from different courts, and far removed in dates, a serious question would have been presented."

In the present case, we have different courts and dates of conviction four months apart, with no description of the Hardin County case by number, date of conviction, or punishment imposed.

We think the recital in the judgment from Harris County inadequate to make the sentence there imposed cumulative.

Appellant having served the five years, the longest legal term imposed against him, is entitled to be released from the penitentiary. Our State's Attorney has indicated that in his opinion appellant is entitled to the relief sought on the ground stated.

The judgment of the trial court remanding appellant is reversed, and he is ordered discharged.