EX PARTE JAMES HARRIS CROSSNOE.

No. 25058. October 11, 1950.

*Gordon M. Burns*, Huntsville, for relator.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Relator was, on January 20, 1945, upon his plea of guilty, convicted in the district court of Howard County, Texas, in five felony cases, with punishment assessed at two years' confinement in the penitentiary in each case.

In passing sentence, the trial court made the following order in each case, viz:

"This sentence shall not run concurrent with any other sentence heretofore received."

The penitentiary authorities construe this order as making the several sentences cumulative. Relator contends that the order is ineffective for that purpose and that the sentences are concurrent.

It is undisputed that if the sentences are cumulative, relator is not entitled to be discharged, and if concurrent, he has served the sentence imposed and is entitled to be discharged from custody.

By writ of habeas corpus to this court, relator seeks his outright discharge from custody.

Prior to the enactment of Art. 774, C. C. P., cumulation of punishment was unrecognized and unauthorized. Baker v. State, 11 Tex. App. 262. It was for the purpose of authorizing trial courts, in the exercise of their discretion, to cumulate punishments that Art. 774, C. C. P. was enacted.

Art. 774, C. C. P., in keeping with the express provisions thereof, has been given the construction that unless the trial

court, by order, expressly makes cumulative the several punishments, they run concurrent. Ex Parte Davis, 71 Tex. Cr. R. 538, 160 S. W. 459; Ex Parte Whiteside, 141 Tex. Cr. R. 642, 150 S. W. 2d 1022.

It is in the light of this statute and the construction placed thereon that the order here before us must be appraised.

In the first instance, the power extended to trial courts by Art. 774, C. C. P. was to make cumulative sentences which otherwise would run concurrent. Unless and until the trial courts ordered the sentences to run cumulative, the mandate of the statute that they run concurrent was not disturbed.

Here, the trial court made no effort, by an express order to that effect, to cumulate the punishments imposed. Without such cumulative order, the trial court was powerless to contradict the statute (Art. 774, C. C. P.) by saying that the sentences should not run concurrent.

Secondly, the order of the trial court cannot be given the construction as cumulative because it is indefinite and uncertain, with no description of the sentences to be cumulated. Bland v. State, 145 Tex. Cr. R. 267, 167 S. W. 2d 761; Ex Parte Johnson, 153 Tex. Cr. R. 114, 218 S. W. 2d 200.

The conclusion is reached that the order of the trial court herein discussed did not operate to make cumulative the sentences against relator and that he is entitled to be discharged from custody under the sentences herein mentioned.

It is so ordered.

Opinion approved by the court.