EX PARTE JACK STEWART.

No. 25179. February 28, 1951.

*Bowen C. Tatum,* Dallas, for petitioner.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator was convicted upon his plea of guilty in the district court of Wise County in the three cases with which we are here concerned, as follows:

(1) In Cause No. 5019 he was charged with robbery of Tom Neel, by which he acquired a pistol. The sentence imposed by the court without a jury was ten years in the penitentiary.

(2) In Cause No. 5075 he was charged with the robbery of J. P. Coleman by the use of a pistol. He was sentenced to five years to "run after the expiration of Cause No. 5019."

(3) In Cause No. 5076 he was charged with robbery of H. E.

Lobdell by the use of a firearm, to-wit, a pistol, and was given a sentence of ten years cumulative with that in Cause No. 5075.

Each of these sentences is dated June 26th, 1933. The offense alleged in each case was committed on December 23rd, 1932.

There seems to be no question about the validity of the judgment in Cause No. 5019 charging robbery. If the judgment in Cause No. 5075 is valid and his record is such as to require the service of the full ten years and five years that would expire in 1948. If the judgment in Cause No. 5076 is a valid judgment it will begin at the expiration of the sentence in Cause No. 5075 and his incarceration at this time would be lawful. It seems, then, that a discussion of the judgment in Cause No. 5076 will give a sufficient basis for passing upon appellant's application for discharge from the penitentiary, so far as the judgments of the court in Wise County are concerned. If it is void as presented we need not consider the judgment in Cause No. 5075.

We have secured certified copies of the docket sheets and the judgments in the several causes against Jack Stewart in Wise County. In Cause No. 5076 it clearly appears that relator waived a jury and pleaded guilty before the court who found him guilty of the offense of "robbery with firearms."

A district judge has no power to receive a plea of guilty for a capital offense. The accused himself cannot waive the right of trial before a jury in such cases. The judgment is therefore void on its face and cannot be the authority for holding relator in the penitentiary. The question has been so many times passed on that it is no longer necessary to cite authorities.

The record further discloses that appellant is being held by reason of two judgments from the district court of the 102nd Judicial District, Bowie County, being Cause No. 7812 and No. 7815, State of Texas v. Jack Stewart. These judgments are regular and are based on the verdict of a jury. Each is dated May 12, 1934, and each carries a sentence of twelve years confinement in the penitentiary. In passing sentence upon relator in Cause No. 7812 the court trying him attempted to cumulate the sentence with others by the use of the following language: "It is the further order of the court that the sentence in this cause shall not begin to run until all other sentences against this defendant in the State of Texas shall have expired."

We have likewise held in many cases that such orders are too indefinite and uncertain to affect the purpose which the judge imposing the sentence evidently had in mind.

If relator has been confined in the penitentiary continuously he has long since served the time for which he could be legally held. No answer has been filed by the respondent showing any reason why he should be held under other sentences, nor is it shown that he had escaped or otherwise been absent for any portion of the time involved. We are not passing on the questions which might thus be raised. Our finding is to the effect that relator can no longer be held under the sentences herein discussed from Bowie and Wise counties, and that he should be discharged from the penitentiary as to them.