consideration which we have given it on motion for rehearing. It is now our conclusion that the Court of Civil Appeals, instead of rendering judgment in favor of the Holdens for the title and possession of the entire tract, should have rendered judgment that they recover an undivided one-third interest in the entire tract, and that as to the remaining two-thirds interest the cause be remanded to the trial court for another trial. The issues are clearly severable. The question is not one of reversing and remanding an errorless judgment. Both the Court of Civil Appeals and this court have decided that there was error in the judgment of the trial court. Having reversed the trial court's judgment, the question of whether to render or remand is one regarding which appellate courts are given broad discretion. Texas Rules of Civil Procedure Nos. 434 and 505.

From a consideration of the record as a whole, we are not satisfied that the case has been fully developed with respect to the title to the two-thirds interest. If, in fact, petitioners have a claim of title to any part of that interest which is independent of the void deed but failed to develop their claim upon the trial, then, in our opinion, justice demands that they be afforded an opportunity to do so. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593; Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178; Turner v. Texas Company, 138 Tex. 380, 159 S.W.2d 112; Hall v. O. C. Whitaker Co., 143 Tex. 397, 185 S.W.2d 720.

It is therefore ordered that the judgment heretofore rendered in this cause be modified as follows:

The judgment of the Court of Civil Appeals in so far as it awarded title to respondents to an undivided one-third interest in the land in suit is affirmed; in so far as it rendered judgment for respondents for the remaining interest in the land, the judgment is reversed, and the cause is remanded to the trial court for a new trial not inconsistent with our opinion upon that phase of the case only.

Except as indicated above, the motions for rehearing of both parties are overruled.

Ex parte MUSE.

No. 25288.

Court of Criminal Appeals of Texas.

April 18, 1951.

No attorney, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This is an original application for the writ of habeas corpus.

Relator here and relator in Ex parte Muse, Tex.Crim.App., 233 S.W.2d 125, is the same person. As shown in that case, we held that the order attempting to cumulate a Pecos County conviction with a prior conviction of appellant in Kerr County was ineffective.

Relator, now in this proceeding, attacks an order of the District Court of Llano County attempting to cumulate appellant's conviction in that court with the Pecos County conviction above referred to.

For the reason assigned in Ex parte Muse, supra, as well as Ex parte Johnson, Tex.Crim.App., 218 S.W.2d 200, the order was ineffective to cumulate the Llano conviction with the Pecos conviction.

Such holding, however, by no means warrants relator's discharge from the penitentiary.

The record before us fails to reflect that relator is entitled to his discharge from custody, and the writ of habeas corpus is denied.

Opinion approved by the court.

### JACKSON v. STATE.
### No. 25215.

Court of Criminal Appeals of Texas.
March 21, 1951.

Rehearing Denied May 2, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for unlawfully carrying a pistol. The penalty assessed is a fine of $100.

The complaint and information, as well as all other matters of procedure, appear to be in regular form. The record is before us without a statement of facts or bills of exception.

The judgment of the trial court will be affirmed.

### SCHUMANN v. STATE.
### No. 25273.

Court of Criminal Appeals of Texas.
April 18, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the driving while intoxicated upon a public road; the punishment, a fine of $50.00.

The record before us contains neither bills of exception nor a statement of facts. Nothing is presented for consideration.

The judgment of the trial court is affirmed.