## EX PARTE ROY EDDIE BROWN

No. 25581. October 31, 1951.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By application for the writ of habeas corpus direct to this court, relator seeks his discharge from custody of the penitentiary authorities of this state.

Relator was, on June 9, 1941, convicted in the district court of Tarrant County for the offense of assault with intent to rob, with punishment assessed at ten years in the penitentiary.

By credit awarded by the trial judge for the time served in jail prior to conviction, service of sentence began and dated from April 26, 1941. On January 11, 1944, the then governor of the state, upon recommendation of the Texas Board of Pardons and Paroles, granted to relator a conditional pardon in order that relator might be inducted into the army.

Relator received his honorable discharge from the army on July 13, 1945.

On March 4, 1949, relator was convicted in the district court of Jefferson County in two felony cases and was sentenced to serve two and a half years in the penitentiary in each case. The sentence in each of these cases was expressly made to run concurrently; however, in each case there was appended to the

sentence the following provision: *"but consecutive to conviction in Tarrant County in 1941."* (Emphasis, supplied.)

The penitentiary authorities treat the provision just quoted as making the Jefferson County sentences cumulative of the Tarrant County conviction heretofore mentioned. That such provision does not do so and is not authorized, because of being indefinite and uncertain, to be so construed, has been repeatedly held by this court. See Ex Parte Johnson 153 Texas Crim. Rep. 114, 218 S. W. 2nd 200; Ex Parte Stewart, 155 Tex. Cr. R. 479, 236 S. W. 2d 799, Ex Parte Don R. Collier, No. 25,605, delivered October 17, 1951, (Page 377, this volume).

The Jefferson County sentences running concurrent with each other and not being cumulative of the Tarrant County sentence, it is apparent from the record before us that relator has served those sentences and is not subject to further imprisonment under the Jefferson County convictions.

It is insisted that relator is entitled to be credited upon his Tarrant County sentence with the time he served in the army under the conditional pardon. This contention is founded upon the wording of the document. We quote as much thereof as is deemed material:

"NOW, THEREFORE, I, COKE R. STEVENSON, Governor of the State of Texas, by virtue of the authority vested in me under the Constitution and laws of this State, upon the recommendations hereinabove cited and for the reasons herein set out and now on file in the office of the Secretary of State, do hereby grant unto the said ROY EDDIE BROWN, a
CONDITIONAL PARDON
and
RELEASE FROM MAKING FURTHER REPORTS
to his parole advisor if and when he is accepted by the armed forces, for the period of military service only. *If his term has not expired when he is released from military service, he shall automatically be required to report to the Harris County Parole Board."*

From the italicized provision it is apparent that relator was to report to the parole board only if he had not served the length of his term when released from military service. The converse is equally apparent that if the term had been served while in military service, no report would be required.

The construction to be given to the conditional pardon is that the governor intended to award relator upon his sentence the time served in the armed forces.

From relator's discharge, the original of which is before us, it is shown that he served from March 22, 1944, to July 13, 1945, in the army, which is over a year and three months.

Relator is entitled to that time as a credit upon his sentence.

With this credit, together with the total credit to which he is entitled as certified by the penitentiary authorities, relator has served the Tarrant County sentence and is entitled to his discharge from further imprisonment thereunder.

Accordingly, the writ of habeas corpus is granted, and relator is ordered discharged.

Opinion approved by the court.