EX PARTE REUBEN G. MERRITT.

No. 26,720. October 21, 1953.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an original application for a writ of habeas corpus brought by the relator Reuben G. Merritt, seeking his release from the Texas Prison System.

The record shows that relator was at the August term 1951, in cause No. 795 in the district court of Terry County, sentenced to serve a term of not less than two nor more than two and one-half years.

On July 7, 1952, in cause No. 4040 in the district court of Bastrop County, relator was sentenced to serve a term of two years. Such sentence contains this order: "It is further ordered by the Court that this sentence be cumulative to that pronounced on the defendant in the District Court of Terry County, Texas, and being now served by the defendant."

Relator attacks the sufficiency of this cumulation.

In Bland v. State, 145 Tex. Cr. R. 267, 167 S. W. 2d 761, we held a cumulation ineffective as to a Kaufman County conviction where the order read, in part, as follows: ". . . and particularly in addition to and cumulative of the conviction for a similar offense in the District Court of Kaufman County, Texas."

In Ex parte Johnson, 153 Tex. Cr. Rep. 114, 218 S. W. 2d 200, we held ineffective an attempted cumulation which read: "Defendant sentenced cumulative with sentence now serving— assessed in District Court of Hardin County." We said that the above contained "no description of the Hardin County case by number, date of conviction, or punishment imposed."

In Ex parte Ball, 155 Tex. Cr. Rep. 382, 235 S. W. 2d 652, we held ineffective an attempted cumulation which read: "Leon Ball, cumulative with sentence in Hale County."

In Ex parte Brown, 156 Tex. Cr. Rep. 410, 243 S. W. 2d 167, we held ineffective an attempted cumulation which read: ". . . but consecutive to conviction in Tarrant County in 1941."

In Ex parte Robbins, 158 Tex. Cr. Rep. 44, 253 S. W. 2d 53, we held ineffective an attempted cumulation which read: "Sentence cumulative with 25 year sentence for murder (TSP No. 95186)."

In Ex parte Collier, 156 Tex. Cr. Rep. 377, 243 S. W. 2d 177, we said: "This Court has through the years admonished the trial courts to incorporate in their cumulative sentences a full description of the prior proceeding in the interest of accuracy. . . ."

We have been furnished with a certificate from the Texas Prison System showing that relator has served both sentences unless the cumulation be held effective.

In view of the authorities heretofore cited, we hold that the relator is entitled to be discharged.

It is so ordered.