ARMANDO MARCOCCHIO *vs.* THE SUPERIOR COURT.

FEBRUARY 9, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari seeking to review the decision of a superior court justice adjudging the petitioner in contempt for refusing to be sworn as a

witness in proceedings pending before said justice and praying that the sentence for contempt be quashed. We issued the writ, and in response to the mandate thereof the appropriate papers and records were certified to this court.

It appears therefrom that Gennaro U. D'Amico, an inmate of the adult correctional institutions, instituted contempt proceedings against Harold V. Langlois, warden thereof, for violation of his mittimus. In support of his petition D'Amico by writ of habeas corpus ad testificandum summonsed several inmates as witnesses. The petitioner was among them.

The record further discloses that on October 8, 1959 the inmates thus summonsed were produced in response to the writ, but all refused to take the oath or otherwise qualify as witnesses. The first three inmates produced as witnesses by counsel for D'Amico were excused by the trial justice and ordered returned to the adult correctional institutions. The trial justice apparently believed that he was without jurisdiction to require them to qualify. When the first of such proposed witnesses refused to be sworn, the court made the following statement: "I can't force him to qualify. That is the privilege he has. Certainly I cannot take his statement not otherwise under oath."

When the second witness was called and refused to be sworn the court commented, "That is another case of the same." The third witness also refused to take the oath and the court remarked, "He has that privilege of taking the oath. You can't force him to take the oath."

It appears that after the three previous witnesses had been called, refused to be sworn and had been dismissed by the court, the petitioner was called. He also refused to take the oath and after an exchange of remarks involving the court, counsel for D'Amico and an assistant attorney general, the case was continued until the following day. At this juncture the trial justice advised counsel for D'Amico that if he had any authorities in support of the proposition

that a witness could be required to take an oath, counsel should produce such authorities when the court next convened. In connection therewith the court observed that if counsel could produce authorities in support of his assertion that a witness could be forced to take an oath under threat of contempt, the court would act accordingly. He would, the trial justice commented, reverse himself if he were wrong.

The following day petitioner was again called and again refused to be sworn. Thereupon he was ordered by the court to take the oath and refused. The court then inquired of the petitioner whether his refusal was based on any religious belief or conscientious objection and petitioner replied that it was not. Throughout the efforts of the court to determine the reason for petitioner's refusal the response was to the same effect, namely, that he did not want to be involved in the proceedings and that anything he said would result in trouble at the adult correctional institutions. A reading of the transcript demonstrates that this was the common belief held by all the inmates subpoenaed to testify in the contempt proceedings against the warden.

No contention is made by petitioner that the court was without authority to punish for contempt if his conduct under the circumstances authorized a valid exercise of the court's discretion. None could be made. The state has cited and relies on *Ex Parte Barnes,* 73 Tex. Crim. 583, wherein the court held that a witness who does not act on religious or other convictions may be committed for contempt in refusing to be sworn or to affirm, and this is so even though he expects that the questions which will be propounded to him will require self-incriminating answers.

We think this proposition to be sound. Indeed it is an essential doctrine if the course of judicial procedures is not to be lacking in the barest minimum of judicial authority. There would be no point to the immunities against giving testimony in proper cases if one could refuse to qualify as

a matter of privilege. To the same effect as *Ex Parte* *Barnes, supra,* see *Rubin* v. *State,* 194 Wis. 207, and *Blanton* v. *State,* 31 Okla. Crim. 419.

The petitioner contends that the trial justice abused his discretion in adjudging him in contempt in that he was misled by the trial justice when he first advised petitioner that he could not be required to take an oath and thereafter changing that opinion without informing him of that fact.

We do not believe that there is merit in this contention in the circumstances as disclosed by the transcript. It is clear therefrom that petitioner was unwilling to be sworn, unwilling to affirm, unwilling to testify, or otherwise to participate in the proceedings for which he was summoned as a witness. Whatever his reason may have been he was a contumacious witness. It is, we think, idle to speculate whether he would have been willing to swear or affirm if painstakingly advised by the court of the distinction between qualifying and testifying, since it is obvious that petitioner was stubbornly refusing to become involved in any manner. We think it abundantly clear from the cold record that his attitude was such as reasonably to convince the trial justice, who had the benefit of observing him at first hand, that no amount of advice or cautioning would alter his determination to remain completely aloof from the charges made by D'Amico against the warden.

The petitioner, however, contends that there are special circumstances in the instant case which, if absent, might justify adjudging him in contempt. The petitioner argues that having been advised on the previous day that it was his right to refuse to take an oath he was not aware that the court no longer adhered to that opinion.

It is not immediately apparent from the transcript whether the petitioner was present when the justice's comments were made in open court. The state, however, in its brief and in oral argument, asserts that the petitioner was present and its flat assertion was at no time contradicted

by counsel for the petitioner. In any event it is clear from the transcript that the petitioner was not expressly or by implication ordered returned to the cell block and we are of the opinion that he was present and aware of the open mind expressed by the court on the question. Moreover we think it most likely that if the petitioner were not present he would have remonstrated with the court on the basis of the advice he had received the previous day, if his ultimate refusal to be sworn were in reliance on any such misunderstanding.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the papers and records are ordered returned to the superior court with our decision endorsed thereon.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.