## Ex Parte CHARLES A. Cox.

*No. 7100.    Decided June 27.*

1. **Practice—Cumulative Punishments—Case Stated.**—Three separate convic-tions of the defendant for violations of the local option law, with the same penalty—$25 fine and twenty days in jail—assessed in each case, were had on the same day. The several judgments were not entered or recorded by the clerk until the day after the ver-dicts were returned, and then, as entered, the judgments in the last two cases did not make the punishments cumulative to the punishment assessed in the first judgment, as required by article 800 of the Code of Criminal Procedure. The trial judge did not read the judgments for approval until the day after they were entered when, discovering the omissions as above stated, he caused the clerk to add to the judgment in the last case (No. 1731) the following: "It is further considered, ordered, and adjudged that the punish-ment herein adjudged against the said defendant, Charles Cox, shall begin when the

said judgment on the preceding conviction in cause No. 1729 shall have ceased to oper-
ate, as well as all other judgments of conviction preceding said No. 1729, so that no
judgment of conviction preceding or following this judgment shall conflict with the
penalty herein operative, so that each penalty will have its distinct separate time allot-
ted to it." The effect of this addition to the judgment in the third case was to make
the punishment in that case cumulative to that in the second, but it could not operate,
as evidently intended, to make the punishment in the second cumulative to that in the
first, the rule being that the cumulative punishment shall be recited in the judgment
in which it is intended to operate and of which it is to form a part.

2. **Same.**—The rule is well settled as to punishments by imprisonment that when
two judgments are not cumulative the imprisonment in the one case is counted *pro tanto*
for both, and when the term of imprisonment is the same, the service of the term in
the one is a service and satisfaction for both. Under this rule the term of imprison-
ment in the two first of these cases would begin and run together and end at the same
time.

3. **Same—Amendment of Judgments in Criminal Cases.**—The authority of
the trial judge to make the addition set out to the judgment in the last of these cases
was assailed by the defense upon the ground that the statute with reference to cumu-
lative punishments (Code Crim. Proc., art. 800) relates to felony cases only and not to
misdemeanors. But *held* that the said article relates to felonies and misdemeanors
alike, and the contention of the defense was without merit.

4. **Same.**—The power of the court to amend as it did the judgment in the third
case was assailed upon the ground that having been placed in jail on the day that the
verdicts were rendered, which was two days before the amendment was made, the pun-
ishment in the said case had already gone into operation and had been in part actually
discharged. This position was assumed under the authority in Grisham's case, 19
Texas Court of Appeals, 504, to the effect that the power of the court to amend its judg-
ments during the term at which they were rendered does not extend to cases in which
punishment has already been inflicted in whole or in part. But the rule in the Gris-
ham case can not be held to apply in this case, for though the verdicts were all ren-
dered on the same day, the imprisonment of the defendant was under the first judg-
ment and not the last two; the judgments had not been entered and recorded nor
approved by the court when the defendant was placed in jail, and it is beyond dispute
that until formally sanctioned and approved by the court, the judgment is subject to
amendment or correction by the court.

5. **Same.**—The validity of the amended judgment was assailed by the defense upon
the ground that it was not sufficiently specific in terms to inflict cumulative punish-
ment; that it was deficient in not containing a description of the preceding judgment,
in not stating the time when defendant was convicted in the preceding case, in not stat-
ing the offense of which he was convicted, and in not stating the punishment assessed
against him, and the court in which he was convicted. Properly, the judgment com-
plained of should have embraced such specific recitals, but in this case the amended
judgment is sufficiently explicit to impose the cumulative punishment.

6. **Local Option Law—Cases Approved.**—Note the approval of the decisions in
Burrage's case, 26 Texas Court of Appeals, 35, and Cox's case, 28 Texas Court of Ap-
peals, 537, upholding the validity of the local option law as adopted and operating in
justice precinct No. 1 of Camp County, Texas.

7. **Habeas Corpus** was resorted to in this case to avoid the imprisonment penalties
assessed in the three judgments against the defendant after payments of the fines. On
the hearing the court held that the defendant was legally restrained of his liberty, but
that the imprisonment penalties of the first two judgments, not being cumulative, would
be satisfied by the service of a single term of imprisonment, and that the third judg-
ment was cumulative of the first and second. *Held,* correct.

HABEAS CORPUS on appeal from the District Court of Camp. Tried below before Hon. J. L. Sheppard.

The opinion discloses the case.

*Todd & Hudgins* and *E. A. King*, for relator.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was convicted in three cases on the same day for violation of the local option law, and in each case the same punishment was assessed, to-wit, twenty days imprisonment in the county jail, with fines of $25 and costs in each case. The verdicts were all rendered on the 20th day of May, 1890, but the judgments were not recorded until the 21st, and in the rendition of the two last judgments the punishments were not made cumulative in reference to the antecedent judgment, as is prescribed by statute must be done where two or more convictions of the same defendant are had at the same term of court. Code Crim. Proc., art. 800. The judgments were not written up or recorded by the clerk in his minutes until the 21st of May, and were not read to the court for approval until the morning of the 22nd of May. When they were read on the morning of the 22nd the court discovered that the clerk had omitted to make the punishments cumulative with reference to each other, and instructed the clerk to add to the judgement as entered in the last case (No. 1731) the following: "It is further considered, ordered, and adjudged that the punishment herein adjudged against the said defendant, Charles Cox, shall begin when the said judgment on the preceding conviction in cause No. 1729 shall have ceased to operate, as well as all other judgments of conviction preceding said No. 1729, so that no judgment of conviction preceding or following this judgment shall conflict with the penalty herein operative, so that each penalty will have its distinct, separate time allotted to it." No addition was made of a similar character to the judgment rendered in second case so as to make it cumulative to the first. This should have been done. The general addition attempted to be made in the last, which was an entirely separate and independent judgment, could not supply the omission. The cumulative punishment must be recited in the judgment in which it is intended to operate and of which it is to form a part.

Such being the case, the judgment in the second case, No. 1727, was never made cumulative as to the punishment at all, and the rule is well settled as to punishment by imprisonment, that when two judgments are not cumulative the imprisonment in the one case is counted *pro tanto* for both, and where the term of imprisonment is the same the service of the term in the one is a service and satisfaction for both. This would make the term of imprisonment in the two first cases begin, run together, and

end at the same time, and be in fact but one term of imprisonment. At the expiration of twenty days the term of imprisonment was fully discharged in the first two cases.

Did the court have the right and authority to amend the judgment in the third case so as to make it cumulative in the manner and under the circumstances stated?

It is insisted by counsel for appellant, first, that the court had no such authority, because the statute with reference to cumulative punishment relates only to felony convictions, and does not apply in cases of misdemeanor. Such construction is not warranted by the language used in article 800 of the Code of Criminal Procedure, and in our opinion it was intended to apply as well to misdemeanors as to felonies. Secondly, it is insisted that the court had no authority to amend said judgment, because at the time of the amendment the judgment had already gone into operation and the defendant had already commenced to serve out the term imposed by it, he having been placed in jail under the three judgments on the 20th, two days before the amendment was made, and that he had actually suffered a part of the punishment inflicted by said last judgment. We are cited to the rule announced in Grisham's case, 19 Texas Court of Appeals, 504, to the effect that whilst courts may until the end of the term revise, correct, and change their judgments and sentences, however formally pronounced, still "the power over their judgments during the term at which they were rendered does not extend to cases where punishment has already been inflicted in whole or in part." We do not think the rule invoked legitimately applies in this case. Defendant was in prison by virtue of the first judgment—not the last two—and though the three cases had all been decided on the same day, the judgments in neither of them had been entered and recorded in the minutes nor approved as judgments by the court. Until a judgment has once been rendered and entered of record and approved by the court the rule announced in Grisham's case would not apply. Until these judgments were sanctioned and approved by the court there can be no question but that the court had the power and authority to correct and amend them.

But again it is insisted that the judgment as amended is not sufficiently specific in terms to inflict cumulative punishment. It is insisted that to render the cumulative clause sufficient it should contain a description of the preceding judgment; should state the time defendant was convicted in the preceding case, the offense of which he was convicted, the punishment, and the court in which he was convicted. There can be no question but that such specific and definite recitals would be much more satisfactory, and the approved form for such judgments contains them. Willson's Crim. Forms, No. 787. We think, however, that in this instance the cumulative punishment imposed by the amendment complained of is substantially and sufficiently specific to authorize the punishment.

Appellant insists that all of the said three judgments are void, because local option was never legally promulgated after its adoption in the precinct. If he can legally avail himself of this objection, we do not think it maintainable. The validity of this identical local option has been twice sustained by this court. Ex Parte Burrage, 26 Texas Ct. App., 35; Ex Parte Cox, 28 Texas Ct. App., 537.

The questions which we have discussed and the case here presented originated on a habeas corpus trial before Judge Sheppard, of the Fifth Judicial District. Appellant sued out the writ and claimed that he was entitled to be discharged from his imprisonment punishment under the said three judgments for the reasons we have discussed; as to his fines and the costs in each of said cases, he proposed to pay them in money. On the hearing the learned judge held that he was legally restrained by virtue of the said judgments; that the first two not being cumulative could be served out as one term of imprisonment, and that the third judgment was cumulative of the first and second.

We are of opinion, for the reasons stated above, that his conclusions and his judgment remanding applicant to custody were correct. Appellant having been legally imprisoned for forty days from the 20th day of May, 1890, his imprisonment punishment under the said three judgments will legally expire on the 30th day of this present month—June, 1890. After the expiration of said time if he then discharges the judgments for the fines and costs by paying the same, the said judgments will be satisfied in full and he should be finally and fully discharged therefrom.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.