EX PARTE DEWEY SNOW.

No. 23983. Delivered January 14, 1948.
Rehearing Denied April 7, 1948.

HAWKINS, Presiding Judge, dissenting.

*Bennett & Bennett,* of Normangee, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This proceeding was instituted in the District Court by the appellant, for the purpose of securing his release from the penitentiary. We copy with approval the following concise statement of the facts as found in the brief filed by the State's attorney.

"Relator presented his application for writ of habeas corpus to the Honorable H. F. Kirby, Judge of the 77th District Court in and for Limestone County, Texas. Same was ordered filed and set down for hearing, and, upon a hearing before the judge of said court, the facts were ascertained and ordered certified to the Court of Criminal Appeals.

"Relator contends that he is being illegally restrained of his liberty as a result of the revocation of a conditional pardon by the Governor of the State of Texas.

"The facts reflect that, on or about April 12, 1940, Relator was received at the Texas Penitentiary to begin serving sentences imposed upon him by the District Courts of Williamson, Waller, Fort Bend and Chambers Counties, Texas; that the sentences received in each of the counties except Waller have been satisfied by the appellant, but that he was sentenced in the District Court of Waller County in cause No. 3436 on the 11th day of October, 1939, to a term of six years in the penitentiary, and on the same date, to-wit, October 11, 1939, in cause No. 3437, District Court Waller County, relator was sentenced to six years in the penitentiary, and said sentence was made cumulative of the sentence imposed in cause No. 3436; and it was provided that such sentence should begin at the expiration of the sentence in cause No. 3436.

"Relator gave notice of appeal in each of said causes to the Court of Criminal Appeals, and the judgment and sentence in each case was affirmed by the Court of Criminal Appeals, on the 12th day of April, 1940.

"Relator was actually confined in the State Penitentiary between the dates of April 12, 1940, and June 28, 1943, on which last said date he was granted a six-months reprieve by the Honorable Coke R. Stevenson, Governor of the State of Texas;

"Thereafter, on the 8th day of December, 1943, relator was granted a one-year extension of such reprieve by the Governor of Texas, and thereafter, on the 5th day of September, 1944, relator was granted a conditional pardon by the Honorable Coke R. Stevenson, then Governor of Texas;

"That, to-wit, on the 15th of October, 1947, the Honorable Beauford H. Jester, Governor of Texas, revoked relator's conditional pardon theretofore granted to him on September 5, 1944, and, in said revocation, it was ordered that Relator be returned and confined in the penitentiary to serve the sentences originally imposed upon him, or so much thereof as had not been served at the time of his release under said conditional pardon, or to any previous acts of clemency, and directed that he be kept in charge by the prison authorities and further providing that during the time which Relator had been at large under said conditional pardon, or any previous acts of clemency, same should not be considered or credited to the time served on such sentence.

"The statement of facts reflects that at the time Relator was given a six-months reprieve, to-wit, June 28, 1943, that he had served three years, two months and 21 days calendar time, and that he had to his credit, as commutation time or overtime, two years, one month and 23 days, making a total aggregate to his credit of five years, four months and 14 days."

Appellant takes the position that he was entitled to an overtime credit of 20 days for each calendar month during the time he was out of the penitentiary under the several acts of clemency extended him by the Governor. In view of the disposition we make of the other issues herein, it will not be necessary to discuss this issue.

It is also the contention that the Governor had no power to revoke the conditional pardon until after the Board of Pardons and Paroles had held a hearing and made a recommendation accordingly to the Governor. The authorities on this subject were discussed in Ex Parte Ferdin, 183 S. W. (2d) 466, and the conclusion therein reached is contrary to such proposition.

The oral argument that the wording of the sentence making

the second sentence in Waller County cumulative of the first sentence is not sufficiently clear and specific to have the effect of doing so, does not present any difficulty in the mind of the writer. It is purely a question as to whether or not he has sufficiently described the Cause No. 3436, which is the preceding case in numerical order.

In the statement of facts we find a certified copy of the minutes of the District Court of Waller County, Texas, and the judgment against Dewey Snow in Cause No. 3436 was dated September 27, 1939. On October 11, 1939, he was sentenced to serve a six year term in the penitentiary. The record also discloses that on September 28, 1939, he was found guilty in Cause No. 3437, and that he was sentenced in said cause on the 11th day of October, 1939, to serve the punishment assessed by the verdict of a jury at confinement in the penitentiary for six years. It is further recited in said sentence: "This sentence to begin at expiration of sentence in Cause No. 3436." The question is whether or not the language quoted is sufficient to make it cumulative of the sentence in Cause No. 3436. The matter will be determined from the entire record now before us, as it was before the judge of the trial court. Appellant had been previously convicted in Cause No. 3436, and sentenced on the same date as the sentence in Cause No. 3437. We see no difficulty which the authorities of the penitentiary might have, with the record in both cases before them at the same time, in determining what is meant by the quoted sentence. Had there been cases from different courts, and far removed in dates, a serious question would be presented. When the record is considered as a whole, it is shown that the judge had both cases before him at the same time, the reference appears to be amply sufficient to direct the authorities to the case which he had in mind. Having so directed them, we see no question as to which sentence the cause here involved is to follow.

With the issues thus determined, the relief prayed for is denied and the respondent is directed to deliver the said Dewey Snow to the authorities of the State Penitentiary to serve the balance of the time for which he was committed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

In his motion for rehearing appellant has given attention to the question raised by oral argument on the original submission as to the sufficiency of the sentence in Cause No. 3437 to

make it cumulative of the sentence in Cause No. 3436. The facts are sufficiently stated in the original opinion.

The contention is now made that the holding is in conflict with Bland v. State, 167 S. W. (2d) 761. We do not think so. While the Bland case, supra, was not cited, either in the original brief or in the opinion, still note was taken of it, and the facts in the instant case were discussed sufficiently to distinguish it from the Bland case. There the sentence of the court referred to a number of cases in various counties in general terms, and also to all cases against the accused tried or to be tried in Ellis County, including two cases by number in that county. The record failed to show whether these cases had been tried or were to be thereafter tried.

The two Waller County cases against Snow were appealed to this court and affirmed. See 138 S. W. (2d) 552. Any question about the sufficiency of the sentence should have been raised in this court at that time as was done in the Bland case. The judgment was affirmed in the two Snow cases without any complaint about the cumulative feature of the sentence which we are now asked to say was insufficient. The record which we have here as the basis of our decision in this case, made by the appellant in this procedure instituted for the purpose of securing his release, does show that the conviction had been had in Cause No. 3436 prior to that in Cause No. 3437, and that he was sentenced by the court in the two cases at the same time. If the circumstances in the Bland case had been the same when they came before this court, the same order should have been made as is here made. Furthermore, the record in this appeal discloses that the two cases here under consideration were in Waller County and that respondent was the defendant in each, even though the sentence does not repeat the fact. The appellant himself so testified. The judgment in each case was placed in evidence, and each judgment was included in the commitment sent to the penitentiary authorities.

The only question at issue herein is a failure of the trial court to mention in the sentence of Cause No. 3437 that Cause No. 3436 was from Waller County. As is shown by the record, the two cases, Nos. 3436 and 3437 were tried in Waller County and relator convicted thereunder. Both cases were appealed to this court, and no showing is made therein of any error in the cumulative part of Cause No. 3437. If relator was dissatisfied with the cumulative portion of his sentence, he should have made such known in the appeal of Cause No. 3437. The judg-

ment therein is not void, but only voidable at most, and the writ of habeas corpus cannot be made to again serve him as an appeal from No. 3437.

In Ex Parte Crawford, 36 Tex. Cr. R. 180, 36 S. W. 192, it is said: "If he was dissatisfied with the entry as made in the sentence cumulating his punishment, he had his right of appeal in order to have the same corrected. The entry of cumulative punishments in the final judgment and sentence certainly cannot be treated as void, and, not being void, he cannot avail himself of the remedy by habeas corpus. See Church, Hab. Corp. secs. 365, 365a, 365b; Ex Parte Dickerson, 30 Tex. App. 448; Ex Parte Wilson, 114 U. S., 417."

Again, in Ex Parte Cox, 29 Tex. App. 84, 14 S. W. 396, the following cumulative clause was held to be sufficient: " 'It is further considered, ordered, and adjudged that the punishment herein adjudged against the said defendant, Charles Cox, shall begin when the said judgment on the preceding conviction in cause No. 1,729 shall have ceased to operate, as well as all other judgments of conviction preceding said No. 1,729, so that no judgment of conviction preceding or following this judgment shall conflict with the penalty herein operative, so that each penalty will have its distinct, separate time allotted to it.' "

In construing such cumulative phrase, this court said: "But again, it is insisted that the judgment as amended is not sufficiently specific in terms to inflict cumulative punishment. It is insisted that to render the cumulative clause sufficient it should contain a description of the preceding judgment; should state the time defendant was convicted in the preceding case, the offense of which he was convicted, the punishment, and the court in which he was convicted. There can be no question but that such specific and definite recitals would be much more satisfactory, and the approved form for such judgments contains them. Willson, Crim. Forms, No. 787. We think, however, that in this instance the cumulative punishment imposed by the amendment complained of is substantially and sufficiently specific to authorize the punishment. (Ex Parte Cox, supra.)

Again, in King alias Wingate v. State, 32 Tex. Cr. R. 463, 24 S. W. 514, this court said: "The court, in passing sentence upon defendant in this case, said to him, 'this sentence will begin at the expiration of the sentence which you, the defendant are now serving out.' This was objected to because there was no evidence introduced showing that he had been convicted of

another crime. In the absence of proof to the contrary in this connection, we presume the court was performing its duty as required by article 800 of the Code of Criminal Procedure, in regard to cumulative sentences. But if, in fact, he was not convicted of the former offense, we are at a loss to know how this remark could injure defendant."

Article 774, C. C. P., under which the cumulation was had in the present instance, reads as follows: "When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

The majority of the Court are under the impression that the cumulative sentence correctly follows the statute and that the "preceding conviction" refers to No. 3436; that same is sufficient in law to allow the authorities at the penal institution to correctly interpret same; and that the attack thereon comes too late.

Believing that this cause was correctly affirmed, the motion for rehearing is overruled.

HAWKINS, Presiding Judge (dissenting).

I am unable to agree with the conclusion in the majority opinion that the recitals in the sentence is cause No. 3,437 are sufficient to make such sentence cumulative with that in cause No. 3,436. The sentence is the final judgment, and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It occurs to me that the conclusion stated in the majority opinion is in conflict with our holding in Bland v. State, 145 Tex. Cr. R. 267, 167 S. W. (2d) 761, and in Lockhart v. State, 29 Tex. App. 35. It would serve no useful purpose to write an extended dissenting opinion, but I desire in this way to express my disagreement with the conclusion announced.