EX PARTE WOODROW R. HATFIELD.

No. 25232. March 14, 1951.
Relator's Motion for Rehearing Denied (Without
Written Opinion) May 9, 1951.

Hon. Henry King, Judge Presiding.

*Clyde & Barnes,* By *Al Clyde,* Ft. Worth, for relator.

*Henry Wade,* Criminal District Attorney and *Charles S. Potts,* Assistant Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator is confined in the penitentiary where he was received on November 20, 1943, following convictions in the criminal district court of Dallas County for felony theft and burglary.

He filed his application for a writ of habeas corpus seeking his discharge from the penitentiary, and Hon. Henry King, Judge of Criminal Court No. 2 Dallas County, after hearing, granted the writ, made it returnable before this court, and forwarded a transcript of the facts in accordance with the provisions of Art. 119, Vernon's Ann. C.C.P.

Five indictments were returned against relator in said criminal district court, which appear on the judge's docket as Causes Nos. 9238B, 9261, 9262, 9263 and 9264.

In each of the cases, relator pleaded guilty, waived a jury, and his punishment was assessed by the trial judge at 5 years' confinement in the penitentiary.

Causes Nos. 9238B, 9263 and 9264 each show a five year term to have been assessed on November 18, 1943, without provision for cumulation. These sentences have been served and need not be considered further.

In Cause No. 9261, the docket sheet contains the entry "defendant pleads guilty, waives jury and is found guilty and assessed 5 years in the penitentiary—sentenced. Said sentence to begin November 18th, 1948."

It is relator's contention that there is no judgment or sentence in this cause.

In Cause No. 9262, the trial docket shows the following order:

"11-18-43 defendant pleads guilty, waives jury and is found guilty and is assessed 5 years in the penitentiary and is sentenced. Said sentence to begin November 18, 1953."

Relator attacks the sufficiency of the cumulative feature of the sentence in this cause, both because of its terminology and because of the claimed non-existence of a sentence in Cause No. 9261.

It thus becomes necessary to consider the court records in connection with the two convictions described on the trial dockets as Nos. 9261 and 9262 in order to determine whether or not relator's sentence in the later cause has been served.

Relator, on the day of the trial, filed his written request to waive a jury in Causes "Nos. 9238 - 9261 - 62 - 63 - 64" and the state's attorney in writing consented thereto and the court signed an approval of such waiver, each of such written instruments bearing the same numbers as the request signed by relator.

Attached to and made a part of the application for habeas corpus herein is found a consent and approval of the trial judge of the defendant's waiver of a jury which bears the number 9261B followed by a judgment and a sentence bearing the number 9262B, the sentence concluding "Sentence to begin at expiration of sentence in Cause No. 9238B, November 18, 1948."

The foregoing judgment and sentence are certified as "true and correct copy of the judgment and sentence of the court rendered and entered in the case of the State of Texas v. Woodrow R. Hatfield, No. 9261B, as the same appears of record in Book 18, page 299, Minutes of the Court."

Upon the hearing, relator offered in evidence page 299 of Minute Book 18 which page contains the court's approval of the waiver of a jury under the number 9261B followed by judgment and sentence showing the number 9262B, as shown by the certified copies attached to his application.

Page 300 of Minute Book 18 was also offered in evidence upon which page appears the court's approval of the defendant's waiver of jury, followed by judgment and sentence each bear-

ing the number 9262B. The sentence here shown concludes with the provision "Sentence to begin at expiration of sentence in Cause No. 9261, November 18, 1953."

Billy G. Burden,, Deputy District Clerk assigned to Criminal District Court No. 2, identified the court records and testified that Hon. J. Frank Wilson, now a member of Congress, presided as special judge at the trials of relator and initialed the docket entries "J.F.W."

The deputy further testified: "On page 299, Volume 18, Criminal Minutes of this court, there appears a waiver, a judgment and a sentence in the case of the State of Texas v. Woodrow R. Hatfield, Alias Jack Williams, Cause No. 9261B; the waiver is followed by a judgment in the case of the State of Texas v. Woodrow R. Hatfield; Cause No. 9262B is the number that appears after the waiver and in the sentence; the number of the cause on the sentence is not No. 9261B; that discrepancy appears in both the judgment and the sentence.

"The judgment and sentence in Cause No. 9262B is on page 300; the waiver, the judgment and the sentence are all on the same page."

In each of the other causes against relator, the minutes showed the letter "B" following the case number, and each were recorded on a page of the minutes containing in order the court's consent to waiver of jury, the judgment and the sentence.

From the record as a whole, we think it clear that the judgment and sentence appearing on page 299 of the minutes was in fact the judgment and sentence rendered and pronounced in Cause No. 9261B, and that the judgment and sentence on page 300 is the judgment in Cause No. 9262B.

Under the provisions of the sentence in Cause No. 9262B, the term of five years was "to begin at expiration of sentence in Cause No. 9261, November 18, 1963."

The docket sheet, relator's waiver of jury trial, the consent thereto of the state's attorney, and the trial court's approval thereof, each refer to the causes by number and omit the letter "B".

The court failed to apply the indeterminate sentence law in each of the sentences.

Under the statute, each sentence should read not less than two years nor more than five years and will be construed to do so. The omission of such provision in the sentences may not deprive relator of the benefit of the indeterminate sentence law. See Art. 775, C.C.P.

The provision that the sentence shall begin on "November 18, 1953," will be given effect only as it may tend to show the intention of the trial court to cumulate the sentence, the trial judge being without authority to cumulate punishment except by provision that the term begin when the judgment and sentence in the preceding conviction has ceased to operate. See Art. 774, C.C.P.

The trial court was without power to deprive relator of any credits he might earn for good behavior or other credits he might be allowed under the provisions of Art 6184(1), Vernon's Ann. R.S.

The five cases against relator were tried and disposed of on the same day in the same court and before the same judge, and upon a written waiver of the right of a trial by jury applicable to all the cases. Under such facts, the rule regarding cumulation of punishment with previous convictions in other courts does not apply. See Ex Parte Johnson, 153 Tex. Cr. R. 114, 218 S.W. 2d 200; Ex Parte Snow, 151 Tex. Cr. R. 640, 209 S.W. 2d 931.

It is clear that the trial judge's purpose was to cumulate the sentences in some of the cases and not in others, and that he intended that relator should serve three consecutive terms of five years each.

It is also evident that the discrepancy in the number of the cases and the use of the letter "B" in connection with the number in some of the records and not in others was due to clerical error.

Errors in the entry of judgment and sentence are subject to correction by nunc pro tunc entry made in the trial court upon application of the state or the defendant, or by the court upon his own motion, in order to make the court's minutes correctly reflect the order required under the law and actually made by the trial judge at the trial. See Stansbury v. State, 155 Tex. Cr.

R., 344, 235 S.W. 2d 156 Ex Parte Patterson, 139 Tex. Cr. R. 489, 141 S.W. 2d 319.

The entry of cumulative punishment in a sentence is not void, and habeas corpus will not avail to correct the entry thereof. See Ex Parte Snow, 151 Tex. Cr. R. 640, 209 S.W. 2d 931; Ex Parte Crawford, 36 Tex. Cr. R. 180, 36 S.W. 92.

Considering the entire record, we are constrained to hold that the sentence in Cause No. 9262B appears in the minutes of the court on page 300 and is sufficient to show that it was to begin at the expiration of the term of from two to five years meted out to relator in Cause No. 9261B, judgment and sentence in which is that shown on page 299 of said minutes, and which in turn began at the expiration of a similar term under sentence in Cause No. 9238B (Minutes, page 298).

Relator is therefore remanded to the authorities of the state penitentiary to serve such balance as may remain of the three cumulative sentences of not less than 2 years nor more than 5 years, which he began to serve on November 18, 1943.

Opinion approved by the court.