EX PARTE DON R. COLLIER

No. 25605. October 17, 1951.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an original application for a writ of habeas corpus brought by the relator, Don R. Collier, seeking his release from the Texas Prison System.

The record shows that relator was on October 27, 1948, in Cause No. 60437, in the criminal district court of Harris County, Texas, sentenced to serve a term of two years. On October 29, 1948, in Cause No. 60436 in the Criminal District Court No. 2 of Harris County, relator was sentenced to serve "not less than two nor more than three years," such sentence to be cumulative with No. 60437 above.

On the same day, in the same court, in Cause No. 60438 relator was sentenced to serve not less than two nor more than three years.

Relator does not question his lawful detention under the above sentences claiming that he has now served them.

On January 27, 1949, in Causes Nos. 48559 and 48560 in the Criminal District Court No. 2 of Tarrant County, Texas, relator was sentenced to two years in each case to run concurrently. Both sentences contain the following order:

"It is further ordered that the punishment under this sentence shall begin when the Judgment and sentence now being served by Don R. Collier, in Causes Nos. 60436, 60437 and 60438, in the Criminal District Court of Harris County, Texas, have ceased to operate."

Relator attacks this cumulation on the grounds that the same is indefinite and cites us to Bland v. State, 145 Tex. Cr. R. 367, 167 S.W. (2d) 761, and Ex parte Johnson, 153 Tex. Cr. R. 114, 218 S.W. (2d) 200, in support of his contention.

In the Bland case we held that an Ellis County District Court could not cumulate a Kaufman County sentence by a mere reference to the county of Kaufman alone. We have followed this holding in Ex parte Ball, 155 Tex. Cr. R. 382, 235 S.W. (2d) 652. The Bland case further reiterated the elementary rule that a court was without authority to cumulative a sentence he was pronouncing with any case then pending against the convict but in which he had not yet been tried.

In the Johnson case we held that the criminal district court of Harris County could not cumulate by the mere reference to a sentence from Hardin County.

The reason for this rule is that the sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It should further convey to the penitentiary authorities clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict.

In Ex parte Snow, 151 Tex. Cr. R. 640, 209 S.W. (2d) 931, we held that where the convict was sentenced in two cases on the same day by the same court that a reference in one sentence to the other by number alone effectively cumulated the second sentence with the first. Though there was a dissent in that case, the majority of the court felt that since the penitentiary authori-

ties would receive the two sentences on the same day that the orders of the court would be clear to them.

This court has through the years admonished the trial courts to incorporate in their cumulative sentences a full description of the prior proceeding in the interest of accuracy, but in this case we feel that a recitation of the number of the cause and the court in which the convict was sentenced is sufficient.

The relief prayer for is denied.