### EX PARTE. JAMES LEE

No. 27,610. ·April 20, 1955

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the Texas Prison System, seeks his release by writ of habeas corpus alleging that the cumulation of the sentences which he is serving is defective.

The writ was granted by the Honorable Langston King, Judge of the Criminal District Court No. 2 of Harris County, and made returnable to this court in accordance with Article 119, V.A.C.C.P.

· From the certified copies of the judgment and sentences forwarded to this court, we learn the following:

On September 9, 1940, in Cause No. 49,096 in the Criminal District Court No. 2 of Harris County, the relator plead guilty to the offense of robbery by assault and his punishment was assessed at ten years.

On the same day *in the same court* in Cause No. 49,098, the relator plead guilty to the offense of robbery by assault and his punishment was assessed at ten years. The sentence in this cause concludes with this order: "Sentenced cumulative with 49096." This order is sufficient and effective to cumulate these two sentences. Ex parte Snow, 151 Texas Cr. Rep. 640, 209 S.W. 2d 931.

On the same day *in the same court* in Cause No. 49,102, the relator plead guilty to still another offense of robbery by assault and his punishment was assessed at five years. The sentence in this cause concludes with this order: "Sentenced cumulative with 49098." This order is sufficient and effective. Ex parte Show, supra.

Relator has not shown that he has served the twenty-five years imposed upon him by these three Harris County sentences and is therefore not entitled to discharge. We will not therefore pass upon the sufficiency of the provision attempting to cumulate other sentences by virtue of which relator is confined.

The relief prayed for is denied.

DAVIDSON, Judge, dissenting.

My brethren reach the conclusion that a sentence is cumulated with that of another case, when no other identification of that case is given save and except by a number, with no reference whatsoever as to the court in which that sentence was rendered or the name of the accused against whom the sentence was passed.

The conclusion of my brethren is founded upon the case of Ex parte Snow, 151 Texas Cr. R. 640, 209 S.W. 2d 931.

My views are stated in the dissenting opinion of the late Judge Hawkins in the Snow case. The correctness of the views there expressed is unassailable. They should be adopted as the opinion of this court, and the Snow case should be overruled.