EX PARTE EDGAR F. HAMILTON

No. 28,389. May 30, 1956.

Relator represented himself.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge Presiding.

This is an original application for writ of habeas corpus brought by the relator seeking his release from the Texas Prison System.

Relator was on July 23, 1951, convicted upon a plea of guilty in Cause No. 2604 in the district court of Baylor County for the offense of altering a written instrument and passing the same as true, and his punishment assessed at two years. He questions the effectiveness of that portion of the Baylor County sentence which attempts to cumulate it with additional sentences. It reads as follows:

"And the said defendant Frank Hamilton, having heretofore in the District Court of Smith County, Texas, been duly and legally convicted of burglary and his punishment assessed at confinement in the penitentiary for three years, and the said Defendant, Frank Hamilton, also having heretofore in the District Court of Tom Green County, Texas, been duly and legally convicted of the offense of theft of property of the value of $50.00 or over, and his punishment therefore having been assessed and adjudged at confinement in the penitentiary for five years, and he having heretofore by said courts, been sentenced in due form of law in accordance with said convictions, it is further considered ordered, and adjudged that the punishment herein adjudged against the said defendant Frank Hamilton

shall begin when the said judgment and sentence on the preceding convictions shall have ceased to operate."

The four recommended elements of the prior conviction that should be incorporated in such an order, according to Willson's Criminal Forms, Sixth Edition, Section 2932, are:

1.  The number of the prior conviction,

2.  The correct name of the court in which the prior conviction was had,

3.  The date of the prior conviction, and

4.  The term of years assessed in the prior case.

When we take judicial knowledge that there is more than one district court in both Smith and Tom Green Counties, then the above order incorporates only the term of years assessed in the prior cases. The correct designation of the courts, the numbers of the cases and dates of the prior convictions are absent.

This case may be distinguished from Ex parte Bell, 160 Tex. Cr. Rep. 490, 272 S.W. 2d 530, because in that case Palo Pinto County had only one district court.

In the absence of a valid order of cumulation, the relator has long since served all three sentences.

The relief prayed for is granted, and the relator is ordered discharged.