EX PARTE CHARLES WESLEY OGLETREE.

No. 31,395. November 4, 1959.

*Clyde W. Woody* and *Carl E. F. Dally*, Houston, for relator.

*Leon Douglas, State's* Attorney, Austin, for the state.

DICE, Judge.

This is an original application for a writ of habeas corpus brought by the relator, Charley Wesley Ogletree, ·seeking his release from the penitentiary. Relator alleges that the orders cumulating the sentences by virtue of which he is confined are insufficient.

From certified copies of certain judgments and sentences presented to us it appears that on March 10, 1952, relator was convicted in the Criminal District Court of Harris County in Cause No. 66,038 of the offense of burglary and his punishment was assessed at two years in the penitentiary. On the same day and in the same court appellant was convicted of the offense of felony theft in Cause Numbers 66,039, 66,043 and 66,048 and sentenced in the three cases to serve terms of eight, two and eight years respectively in the penitentiary.

The sentence in cause No. 66,039 recited: "This sentence to begin when the Judgment and sentence in cause No. 66,038 has ceased to operate." The sentences in cause Numbers 66,043 and 66,048 contained identical recitations except for the cause numbers and provided that the sentences should begin when the judgment and sentence in the preceding numbered case had ceased to operate.

Relator concedes that under the holdings of this court in Ex Parte Snow, 151 Texas Cr. Rep. 640, 209 S.W. 2d 931; Ex Parte Bobbit, 159 Texas Cr. Rep. 213, 262 S.W. 2d 416 and Ex Parte James Lee, 161 Texas Cr. Rep. 398, 278 S.W. 2d 137 where sentences are pronounced on the same day in the same court, a reference one to the other by number only, is sufficient to effect cumulation of the sentences but insists that these cases were overruled by the recent decision in Ex Parte Richmond, 163 Texas Cr. Rep. 321, 290 S.W. 2d 909.

While it was held in Ex Parte Richmond, supra, that a reference by number only in a court's order was insufficient to cumulate two sentences, an examination of the record in the case reflects that the attempted cumulation was with a sentence in another court. Such holding is not in conflict with the decisions of this court with reference to cumulation of sentence in the same court on the same day.

We hold the cumulation valid in the sentence which relator is now serving and under the record before us it appears that relator does not have credit for sufficient time to have served the said sentences.

The relief prayed for is denied.

Opinion approved by the Court.