**Ex parte James Ralph CLARK.**

**No. 36671.**

Court of Criminal Appeals of Texas.

Feb. 19, 1964.

Branch T. Archer, Jr., Amarillo, for petitioner.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is an original application for writ of habeas corpus brought by relator, seeking his release from custody from the Texas Prison System.

In his petition, relator alleges and shows that he is now confined in the penitentiary under nine felony convictions and sentences imposed upon him in certain district courts of this state. Relator alleges that he has served the time required of him in all of the sentences except two, which were attempted to be cumulated. These two, relator alleges are invalid.

While under the record it appears that the attempted cumulation of one of the sentences at the time the court entered its order revoking probation was invalid under the decisions of this court in Ex parte Minor, 167 Tex.Cr.R. 170, 319 S.W.2d 114, and Ex parte Scott, 168 Tex.Cr.R. 353, 328 S.W.2d 190, the cumulation of the sentence in the other case is valid.

It is shown that on September 14, 1959, relator was convicted in the 100th Judicial District Court of Carson County in Cause No. 1375 of the offense of burglary and sentenced to serve not less than two nor more than five years in the penitentiary. The sentence provided:

"This term shall not commence to be served until the defendant shall have completed serving the term heretofore imposed by the 47th Judicial District Court of Texas upon this defendant in Cause No. 10,358, to-wit: Six Years, said cause styled State*d* of Texas vs. James Ralph Clark."

We are unable to agree with relator's contention that the order of cumulation is invalid because it did not give the date of the prior conviction or the court or county in which the conviction was had. The order gives the number of the prior conviction, the term of years assessed, and the name of the court in which the conviction was had. This has been held to be sufficient. Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177. While the order did not name the county in which the conviction was had it did name the court as the 47th Judicial District Court of Texas. Judicial notice can be taken that the 47th Judicial District Court is composed of Potter, Randall, and Armstrong Counties. Art. 199, Vernon's Ann.Civ.St.

The relief prayed for is denied.