## Ex parte Vern Wilmer CARPENTER.

### No. 41083.

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Rehearing Denied April 17, 1968.

O. M. Calhoun, Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking as void the 5 year sentence imposed in Cause No. 13056 in the 47th District Court of Potter County wherein petitioner was convicted of the felony offense of drunk driving.

The conviction is attacked upon the ground that at the time petitioner entered his plea of guilty in the County Court of Cottle County in the misdemeanor conviction alleged in the indictment, petitioner:

"was denied the right to counsel as guaranteed by the 6th and 14th Amendment___, as petitioner was tried for the offense of D.W.I. and was convicted of the said charge without the aid of counsel," and

"such prior conviction being illegal as petitioner was without the aid of counsel."

(Quotes from petition for writ of habeas corpus subscribed and sworn to by petitioner to the best of his knowledge and belief, June 6, 1967.)

Neither the petition containing the above allegation nor what is designated as a petition for mandamus sworn to October 13, 1967, contains any allegation of fact to support the claim that petitioner was denied the right to counsel when he pleaded guilty in Cottle County to the misdemeanor offense—unless it be the allegation that he was without counsel.

As petitioner points out, the Texas Statutes in effect at the time of his conviction in Cottle County did not require that the court appoint counsel for an indigent defendant charged with misdemeanor D.W. I.

There is no allegation, affidavit or finding that petitioner desired counsel; was not advised of his right to counsel, or was by reason of indigency unable to obtain counsel to represent or defend him.

The trial court's findings of fact based on the pleadings:

"Petitioner has sworn on his oath that he had no attorney, and the court therefore finds as a fact that he did not have an attorney at the time of his former trial for the misdemeanor offense,"

does not support his conclusion that "petitioner is not now lawfully confined," and "petitioner has been at his former trial for the misdemeanor offense denied the right to counsel."

 Appellant swore only that the information in his Petition for Writ of Habeas Corpus was true to the best of his knowledge and belief. The petition does not contain allegations sufficient to show denial of counsel. Neither this court nor the Supreme Court of the United States has held a felony conviction void on the ground that in the prior misdemeanor conviction pled as an element of such felony the defendant was indigent and without counsel at the time he pled guilty to said misdemeanor.

 This court is not bound by the conclusions of law of the district judge, that petitioner is now unlawfully confined. Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

The petition for writ of habeas corpus forwarded to this court with the findings and conclusions of the district judge is denied.