**Ex parte Billy Earl BAZEMORE.**

**No. 41411.**

Court of Criminal Appeals of Texas.

June 19, 1968.

Rehearing Denied July 24, 1968.

Roy Y. Martin, Tom Cowden, Austin, for relator.

Wallace T. Barber, Dist. Atty., San Marcos, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an application for writ of habeas corpus under Art. 11.07 Vernon's Ann. C.C.P., brought by relator seeking his release from the Texas Department of Corrections. The relator contends that he is illegally confined on the ground that the order cumulating the sentences by virtue of which he is confined is insufficient.

On September 27, 1962, the relator was convicted of burglary in Cause No. 33,850 in the Criminal District Court of Travis County, and his punishment was assessed at nine years.

The Criminal District Court of Travis County was created and established to begin in September, 1957, and it continued until it was designated and created as the 147th District Court of Travis County in 1963.

On March 6, 1964, the relator was convicted of burglary in Cause No. 4111 in the District Court of Comal County with punishment assessed at three years and the judgment contains cumulative provisions. The order of cumulation reads as follows:

"The sentence in the case to begin after the said Billy Earl Basemore shall have served the time assessed against him in Cause No. 33850, on the Criminal Docket

of the District Court of Travis County, Texas which said cause was a final conviction of a felony, to-wit: a Burglary."

The 1957 statute creating the Criminal District Court of Travis County provided "that no criminal case shall be transferred from the Criminal District Court to any of the district courts of Travis County, nor shall any civil case be transferred from any district court to the Criminal District Court herein created."

The 1957 statute further provided that after its effective date the judges of the 53rd, 98th and 126th District Courts of Travis County shall be relieved of the duty of impanelling grand juries, and the district clerk shall transfer all the criminal cases pending in the three above numbered courts to the Criminal District Court of Travis County; that all process, bail bonds and recognizances shall be the same as if originally made returnable to the said Criminal District Court; and a grand jury shall be impanelled by the Criminal District Court in the same manner as is now required by law in the district courts.

We are not here concerned with the question of the jurisdiction of other district courts of Travis County under the constitution. According to the statute (Art. 52–61a, V.A.C.C.P.) the Criminal District Court of Travis County was the only court in Travis County trying criminal cases in 1962. Therefore, the reference in Cause No. 4111 in the District Court of Comal County, to Cause No. 33,850 on the criminal docket of the District Court of Travis County could only have been to the docket of the Criminal District Court of Travis County, which at the time of the cumulation order was the 147th District Court of Travis County.

■ The cumulation order meets the requirements of definiteness and is sufficient on its face to effect its purpose without resort to evidence in aid thereof and to convey to the Department of Corrections clear and unequivocal order of the District Court of Comal County how long to detain the applicant herein. Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177.

■ The conclusions of law of the district judge that petitioner is now unlawfully confined is not binding on this court. Ex parte Young, Tex.Cr.App., 418 S.W.2d 824; Ex parte Carpenter, Tex.Cr.App., 425 S.W.2d 821.

The petition for writ of habeas corpus is denied.

## DISSENTING OPINION

ONION, Judge.

For years now the Court of Criminal Appeals has admonished trial judges to incorporate in their cumulative sentences a full description of the prior conviction in the interest of accuracy. Ex parte Lewis, Tex. Cr.App., 414 S.W.2d 682; Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177; Ex parte Robbins, 158 Tex.Cr.R. 44, 253 S.W. 2d 53.

In Ex parte Hamilton, 163 Tex.Cr.R. 283, 290 S.W.2d 673, it was pointed out that an order of cumulation should give

(a) the number of such prior conviction

(b) the correct name of the court in which the prior conviction was had

(c) the date of the prior conviction, and

(d) the term of years assessed in the prior case.

See also Ex parte Richmond, 163 Tex.Cr.R. 321, 290 S.W.2d 909; Ex parte Cox, 29 Tex.App. 84, 14 S.W. 396.

Despite the lack of some of the specific and definite recitals recommended, this Court has upheld cumulated sentences which were substantially and sufficiently specific to authorize the punishment sought to be imposed.

In Ex parte Shields, Tex.Cr.App., 371 S.W.2d 395, an order of cumulation containing the number of the cause, the date, and name of the court was held sufficient.

In Shields it was observed that cumulation orders had been held valid when such orders contained two, rather than three, details of the prior conviction, citing Ex parte Daffern, 162 Tex.Cr.R. 472, 286 S.W. 2d 151; Ex parte Dyess, 161 Tex.Cr.R. 29, 274 S.W.2d 695; Ex parte Bell, 160 Tex. Cr.R. 490, 272 S.W.2d 530; Ex parte Collier, supra. See also Ex parte Pruitt, Tex. Cr.App., 385 S.W.2d 384; Ex parte Isom, 168 Tex.Cr.R. 434, 331 S.W.2d 753.

This Court has even upheld cumulation orders although reference is made only to the previous cause number where the order was in the same court and on the same day as the sentence to which it was made cumulative. Ex parte Ogletree, 168 Tex.Cr.R. 429, 328 S.W.2d 446; Ex parte Lee, 161 Tex.Cr.R. 398, 278 S.W.2d 137. While such form is not recommended, it has been held that the rule of certainty as to the beginning and ending of each sentence is not so strict as it is when the sentences sought to be cumulated are from different courts. Ex parte Hatfield, 156 Tex.Cr.R. 92, 238 S.W.2d 788; Ex parte Johnson, Tex.Cr.App., 218 S.W.2d 200; Ex parte Snow, 151 Tex.Cr.R. 640, 209 S.W.2d 931. Nevertheless, a cumulation order referring to the cause number alone is not sufficient, although entered on the same day and in the same county, if it were entered in a different court. Ex parte Cannon, 161 Tex. Cr.R. 447, 278 S.W.2d 850; Ex parte Lucas, 161 Tex.Cr.R. 144, 275 S.W.2d 816; Ex parte McFarland, 160 Tex.Cr.R. 641, 274 S.W.2d 71; Ex parte Coleman, 159 Tex.Cr.R. 48, 261 S.W.2d 351; Ex parte McClain, 158 Tex.Cr.R. 115, 253 S.W.2d 863.

In situations where this Court is able to take judicial knowledge that there is more than one district court in the county, we have consistently held insufficient orders cumulating sentences with a prior sentence in another county where the name or designation of the court where the prior conviction occurred is simply given as "the District Court of _____ County." See Ex parte Hamilton, supra; Ex parte McCullough, Tex.Cr.App., 416 S.W.2d 420; Ex parte Miller, 168 Tex.Cr.R. 61, 323 S.W.2d 436. Cf. Ex parte Clark, Tex.Cr.App., 375 S.W.2d 442.

We can certainly take judicial knowledge that Travis County has more than one district court and the above rule would have full application except, as the majority concludes, for the provisions of Article 52–61a, V.A.C.C.P. (Acts 1957, 55th Leg., P. 721, ch. 299) creating the Criminal District Court of Travis County. Such statute, of course, was not in effect at the time of the cumulation order in question, and nothing on the face of such cumulation order indicates that the statute was even in effect at the time of the prior conviction referred to.

Now under these circumstances, should the said Article 52–61a, supra, be given the effect accorded by the majority?

The first sentence of Article 5, Sec. 8 of the Texas Constitution declares:

"The District Courts shall have original jurisdiction in all criminal cases of the grade of felony."

It has been consistently held that the Legislature cannot take away from a district court jurisdiction given it by the Constitution. Reasonover v. Reasonover 122 Tex. 512, 58 S.W.2d 817; Castro v. State, 124 Tex.Cr.R. 13, 60 S.W.2d 211; Ex parte Richards, 137 Tex. 520, 155 S.W.2d 597; Attorney General's Opinion V–94 (1947—Opinion by Ass't. Atty. Gen. Ocie Speer involving Bexar County's Criminal District Court).

In Castro v. State, supra, Judge Morrow said:

"The conceded power of the Legislature to create other courts having jurisdiction in criminal cases of the grade of felony has not been construed to strip the district courts created under the Constitution of the inherent jurisdiction to try cases of the grade of felony. Throwing some light upon the subject is the

case of Hull v. State, 50 Tex.Cr.R. 607, 100 S.W. 403.

"From the case of Ex parte Coombs, 38 Tex.Cr.R. 648, 663, 44 S.W. 854, 861, the following quotation is taken: 'Wherever the constitution vests judicial power, it must so remain, and the legislature has no right to invade it or suspend it, unless express authority is given in that instrument. The legislature has no authority to change the organization of the judicial system, nor can that body, under the guise of creating "other courts," divest the district court or the justices of the peace courts of their constitutional jurisdiction.' "

Prior to the 1957 enactment of Article 52–61a, supra, there can be no question that the 53rd, 98th and 126th District Courts of Travis County were regular constitutional district courts, impaneling grand juries and exercising general jurisdiction over both civil and criminal matters. Article 199–53, Vernon's Ann.Civ.St. (Acts 1931, 42nd Leg., 1st C.S., p. 13, ch. 8). Nothing in Article 199–147, V.A.C.S. (Acts 1963, 58th Leg., p. 120, ch. 71) [1] repealing the 1957 version of Article 52–61a, supra, and redesignating the Criminal District Court of Travis County as the 147th District Court (expressly giving it general jurisdiction over both civil and criminal matters as authorized by the Constitution and the laws of this state) can be deemed to affect the constitutional jurisdiction of the 53rd, 98th and 126th District Courts, in fact, the contrary appears.

Now can it be said that while the 1957 version of Article 52–61a, supra, was in effect, it acted to deprive 53rd, 98th and 126th District Courts of criminal jurisdiction? I think not.

A reading of the above cited authorities clearly forecloses any contention that the Criminal District Court of Travis County had exclusive jurisdiction, while the 1957 version of Article 52–61a, supra, was in

effect, of all criminal business in the county of which district courts would have jurisdiction under the Constitution. See Lord v. Clayton, 163 Tex. 62, 352 S.W.2d 718.

In construing a similar act creating the Criminal District Court of Jefferson County, the Texas Supreme Court in Lord v. Clayton, supra, held that the other three district courts of Jefferson County were regular or constitutional district courts and that insofar as the legislative acts being considered undertook to deprive them of their constitutional criminal jurisdiction, those acts were unconstitutional and void.

It therefore follows that the 1957 version of Article 52–61a, supra, did not deprive the 53rd, 98th and 126th District Courts of Travis County of their constitutional criminal jurisdiction, and they retained jurisdiction to select and impanel grand juries, to receive and have felony indictments docketed on their own criminal dockets and to perform all other acts in connection with the indictment and trial of persons charged with felonies which the Criminal District Court of Travis County or any other district court of general constitutional criminal jurisdiction might do.

Further, since the other three district courts of Travis County were not ousted of their constitutional criminal jurisdiction, there was no, and could not have been any, mandatory duty on the part of the district clerk to docket all criminal cases in Travis County of the grade of felony on the docket of the Criminal District Court of that county or to transfer such cases to that court. See Lord v. Clayton, supra.

Articles 584 and 585 (now 33.07 and 33.08) V.A.C.C.P., in effect at the time, called for each court of record having criminal jurisdiction to have a criminal docket kept by the clerk.

In my opinion, the 53rd, 98th and 126th District Courts of Travis County not only

---

1. Originally codified in 1963 as Article 52–61a, supra, and since the effective date of the 1965 Code of Criminal Procedure as Article 199–147, V.A.C.S.

retained their constitutional criminal jurisdiction, but were also required by law to keep criminal dockets.

Therefore, I cannot agree with the majority's conclusion that reference in Cause No. 4111 in the 22nd District Court of Comal County to Cause No. 33,850 on the criminal docket of the District Court of Travis County could only have been to the docket of the Criminal District Court of Travis County. My opinion is reinforced when it is considered that the 1957 version of Article 52–61a, supra, was not in effect at the time of cumulation in question and nothing on the face of the cumulation order indicates the statute was even in effect at the time of the prior conviction referred to.

In dealing with orders of cumulation we have frequently pointed out that a sentence is a final judgment and *should be sufficient on its face to effect its purpose without resort to evidence . aid thereof*. Ex parte Lewis, supra; Ex parte Collier, supra.

This, then, is the test to be applied in determining the effectiveness of the cumulation order in question. We do not look to extrinsic evidence in aid of the order.

The cumulation order in question does not contain the date of the prior conviction, nor the term of years assessed, nor the correct name of the court in which the prior conviction was had, and is therefore insufficient.

If we are going to vary the test formally used to pass upon the sufficiency of such cumulation and allow extrinsic evidence in aid thereof, i. e., a certified copy of the judgment and sentence in Cause No. 33,850, then it should be observed that there is nothing in this record to show that the petitioner Bazemore herein is the one and the same Basemore convicted in Cause No. 33,850 as indicated in the cumulation order. Nevertheless, the majority at the beginning of their opinion assumes the fact of the prior conviction.

Since we have been furnished a certificate of the Texas Department of Corrections showing that the petitioner is entitled to release if the sentences are not cumulative, I would grant the relief sought.

For the reasons stated, I agree with the able trial judge herein, and must respectfully dissent.

MORRISON, J., joins in this dissent.