**Ex parte. Lewis Kennedy HARRIS.**

**No. 62648.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1979.

OPINION

ONION, Presiding Judge.

This is a post-conviction application for habeas corpus filed pursuant to Article 11.-07, V.A.C.C.P. The petitioner was convicted in 1950 of the offense of robbery on May 24, 1950, following a guilty plea before the court after which the court assessed punishment at life imprisonment.

Over twenty-nine years later petitioner filed his habeas corpus application alleging that he had been deprived of effective assistance of counsel at the time of his guilty pleas to robbery and therefore his pleas were not freely and voluntarily entered. Petitioner alleges he was serving a ten year sentence in the penitentiary when he was returned to Gregg County for trial on the robbery charges; that the assistant district attorney offered him concurrent sentences of ten years if he entered guilty pleas; that he was appointed counsel on the day of trial; that counsel, recently out of law school, but licensed, etc., had come to the courthouse with an older lawyer to meet the judge and to observe courtroom procedures; that the prosecutor informed counsel that the petitioner had "worked out" an agreement for concurrent sentences; that counsel did not discuss the facts of the cases or applicable law with the petitioner and did not investigate the facts or conduct any legal research, did not advise petitioner as to his decision to plead guilty; that when the court assessed punishment at life imprisonment no objection was voiced; that he did not attempt to withdraw the guilty pleas or move for a continuance or ask for mitigation of punishment.

The State simply answered that the material allegations of the petitioner were true and the evidentiary facts were identical with the evidentiary facts of *"Fred Hatch v. W. J. Estelle, Jr.,*[1] decided adversely to the State, and the State did not oppose the relief sought.

The convicting court did not conduct an evidentiary hearing, so no evidence or ex-

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

1. The style of the case is set out, but no reference to citation or court is made.

hibits were offered. In its findings, the convicting court noted the State did not oppose the granting of relief, that the evidentiary facts were the same as in *Hatch v. Estelle* in Cause No. 74–73–CA–221 in the United States District Court for the Eastern District of Texas in which habeas corpus relief was granted,[2] that no further evidentiary hearing was necessary in the instant case. The record was ordered transmitted to this court.

The evidentiary facts developed in federal district court are not in the record before us. Attached as an exhibit only to the application for post-conviction writ of habeas corpus, we find a certified copy of the findings of fact and conclusions of law entered in *Hatch v. Estelle* in said Cause No. 74–73–CA–221, apparently involving a codefendant who petitioner alleges was represented by the same counsel on the same date (May 24, 1950) as he was. These findings were never introduced. These findings reflect that an evidentiary hearing was held in federal court on November 15, 1974. These findings were to the effect that Hatch was entitled to release on his application for federal habeas corpus. No reference is made to this petitioner Harris. Without the evidentiary facts, there is no way to determine whether such findings are

supported by the evidence so as to be useful in the instant case.[3]

This then is the record from which we must work.[4]

It seems that petitioner's application is based on the success Hatch enjoyed in federal district court. The essence of his complaint seems to be that he was represented by inexperienced counsel and received a life sentence when he had a plea bargain for a ten year sentence. He never alleges he was not guilty of the robbery charged, that if counsel had conferred with him, had investigated the facts and researched the law, witnesses in his behalf and a legal defense could have been uncovered, that he was not duly admonished of the consequences of his plea (range of punishment) by the court (see Article 501, V.A.C.C.P., 1925—now Article 26.13, V.A.C.C.P.), that the evidence offered to support the guilty plea was insufficient (Article 12, V.A.C.C.P., 1925—now Article 1.15, V.A.C.C.P.), etc. We are not told whether the prosecutor failed to honor the plea bargain by not making the agreed to recommendation so as to have violated the principle of *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), or whether the trial judge after hearing the facts and not being bound by any plea bargain, exercised his discretion

2. If the federal habeas corpus record was before the trial judge of the convicting state court, it is not indicated by this record.

3. We do find in our post-conviction habeas corpus records Cause No. 4402, Ex parte Fred Hatch. The convicting court originally denied relief and transmitted the record to this court. An evidentiary hearing was ordered and was conducted by the convicting court. The petitioner, his court-appointed counsel, the assistant district attorney and the trial judge at the time of Hatch's guilty plea on May 24, 1950 testified. The affidavit of the court-appointed counsel attached to Hatch's pleading stated he believed the trial judge to be Earl Roberts and the prosecutor to be Paul Painter. The record, however, shows the trial judge was Fred Erisman and the prosecutor was David Moore. Such attorney testified the prosecutor informed him of a plea bargain for a fifty year concurrent sentence, but he could not recall whether the recommendation was ever made in court. Petitioner testified the recommendation was made. Judge Erisman (now deceased) testified he had no recollection of the particular guilty

plea, that he always carefully admonished each defendant, that the records he examined did not reflect a plea bargain, that it appeared he assessed punishment based on the evidence offered on the guilty plea. The record shows that the firearms count was waived and the defendant pleaded guilty before the court. The prosecutor, David Moore, now a district judge, denied he had negotiated a plea bargain with Hatch. The judge of the convicting court denied relief. Upon transmission to this court, the habeas corpus application was denied by this court upon the trial court's findings after an evidentiary hearing on October 31, 1973. No reference to petitioner Harris is found in the records. Action in federal court on behalf of Hatch apparently followed of which we have no record of the testimony.

4. The record consists of the petitioner's pleadings, which do not prove themselves. It also includes the answer of the State and the findings of the court without an evidentiary hearing.

and assessed punishment within the range of punishment then applicable to the offense of robbery (Article 1408, V.A.P.C., 1925).

 All of the above suggests that the circumstances are far too meager to properly dispose of this matter in light of the record before us. This court is not bound by the findings of a district court in post-conviction habeas corpus proceedings under Article 11.07, supra. *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967); *Ex parte Bazemore,* 430 S.W.2d 205 (Tex.Cr.App. 1968); *Ex parte Lozano,* 542 S.W.2d 408 (Tex.Cr.App.1976), and cases there cited. This is particularly true where there has been no evidentiary hearing and where the "evidentiary facts" upon which reliance is had is not shown to have been before the judge of the convicting court and not incorporated in this appellate record. In performing the duty under Article 11.07, supra, this court, before relief from a final felony conviction is granted, must have something more before it than the findings of fact by a federal district court based on evidence which is not before us and on proceedings which did not even involve this petitioner. We cannot abdicate our duty.[5] The cause is remanded to the convicting court for an evidentiary hearing on petitioner's habeas corpus allegations. Thereafter, the court will find its findings of fact and conclusions of law and forward the entire record to this court.

It is so ordered.

DOUGLAS, Judge, dissenting.

The hearing judge considered the evidence presented in the federal court as well as the admission of the prosecutor that the allegations of Harris were substantially true.

It would probably serve no purpose to have an evidentiary hearing. The Honorable Fred Erisman, the district judge who tried the case 29 years ago, is dead.

It is unlikely that the present prosecutor would concede in a case that was tried in 1950 that Harris is entitled to release if the prosecutor who tried the case were available and would testify contrary to allegations before the hearing court.

If the majority wants the evidence in the companion case involving Hatch which was considered by the hearing judge, such could be sent to this Court for review. The hearing judge found that the facts in the *Hatch* case were the same as those in the present case. Hatch, on the same facts as found by the hearing judge, was granted relief in a federal court.

Without any assurance or probability that any other evidence is available, the hearing judge must conduct an evidentiary hearing. After the hearing, Harris will no doubt be returned to Huntsville, and in all probability the new record will contain no more than what was already considered by the hearing court.

This Court should not order an evidentiary hearing but should order the hearing judge to furnish us with what he considered in concluding that relief should be granted.

ROBERTS, J., dissents.

W. C. DAVIS and CLINTON, JJ., join in this dissent.

---

**5.** The dissent contends in a blanket statement that the District Attorney would not have agreed that petitioner was entitled to release "if the prosecutor who tried the case were available and would testify contrary to allegations before the hearing court." It is interesting to note that the petitioner alleges the prosecutor was David Moore, who this court can take judicial notice is now the Judge of the 124th District Court of Gregg County. He testified in the state evidentiary hearing concerning Fred Hatch that he had made no plea bargain with Hatch. (See footnote # 4.) He would appear to be available, and if the facts are the same as in the *Hatch* case as insisted, he may well testify as he did in the *Hatch* case.