## Ex Parte Jack Elliott Knox

No. 29,149. June 12, 1957.

*J. B. Salas,* Crockett, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an original application for a writ of habeas corpus brought by relator seeking his release from the Texas Prison System.

On February 5, 1951, relator plead guilty in the district court of Anderson County in causes numbered 15,097, 15,098, 15,099, and 15,100 to indictments charging felonies. A term of two years was assessed in each case, and each was properly cumulated so as to require the relator to serve eight years.

On May 7, 1951, the relator plead guilty to cause No. 6909 in the district court of Cherokee County to a felony, and his punishment assessed at two years. The sentence was properly cumulated with cause No. 15,100 from Anderson County so as to require the relator to serve 10 years.

In addition to the above, on February 26, 1951, the relator plead guilty in cause No. 2523 in the district court of Newton County to a felony and was sentenced to 7 years. No effort was made to cumulate this sentence with any other sentence.

On March 9, 1951, the relator plead guilty in causes numbered 17,995 and 17,956 in the district court of Jefferson County to indictments charging felonies and was sentenced to serve seven years in each cause. No effort was made to cumulate these sentences with each other or with any other sentence.

On March 21, 1951, the relator plead guilty in cause No. 14,918 in the district court of Smith County to a felony and

was sentenced to serve five years. No effort was made to cumulate this sentence with any other sentence.

Relator does not question the validity of any of the prior sentences since he has served all of them.

He does, however, question the efficacy of an order of cumulation from the district court of Panola County.

On May 25, 1951, in cause No. 11,496, in the district court of Panola County, the relator plead guilty to a felony and was sentenced to three years. The order of cumulation in such sentence reads as follows:

"It is further ordered that this sentence shall run cumulative with any and all other judgments and sentences wherein the defendant has been convicted of a felony, and is not to run concurrently with any conviction, judgment or sentence against him but shall be cumulative with all others."

In Ex parte Hodge, 158 Texas Cr. Rep. 549, 258 S.W. 2d 323, we held that the following order was ineffective as an order of cumulation, to-wit:

"It is further ordered by the court that this sentence shall not run concurrent to any other sentence or sentences against this defendant."

To the same effect is the holding of this Court in Ex parte King, 158 Texas Cr. Rep. 650, 259 S.W. 2d 193.

In Ex parte Hamilton, 163 Texas Cr. Rep. 283, 290 S.W. 2d 673, we took great pains to spell out to the trial courts the four recommended elements that should be contained in a valid order of cumulation. See also Willson's Criminal Forms, 6th Ed., sec. 2932.

The writ of habeas corpus is granted, and the relator is ordered discharged.