## EX PARTE HUBERT ALLRED.

No. 29,799. April 9, 1958.

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an original application for writ of habeas corpus brought by the relator Hubert Allred seeking his release from the penitentiary. He alleges that the order cumulating the sentences by virtue of which he is confined is ineffectual.

From the record before us, we learn the following:

On August 25, 1947, relator plead guilty to a felony indictment in the 72nd District Court of Lubbock County, and his punishment was assessed at five years.

On May 21, 1948, relator was convicted of a felony in the district court of Floyd County, and his punishment was assessed at six years. By order in the sentence, this conviction was cumulated with the Lubbock County conviction. Relator does not challenge the validity of either of these sentences since he has served the same.

On February 9, 1949, the relator plead guilty to a felony in the district court of Howard County, and his punishment was assessed at five years. He does question the validity of the order in this sentence attempting to cumulate it with prior sentences. The order reads as follows: "This sentence shall not run concurrent with any other sentence heretofore received."

It has been the consistent holding of this court that such an order is insufficient to effect cumulation. Ex parte Hodge, 158 Texas Cr. Rep., 549, 258 S.W. 2d 328; Ex parte King, 158 Texas Cr. Rep. 650, 259 S.W. 2d 193; Ex parte Hamilton, 163 Texas Cr. Rep. 283, 290 S.W. 2d 673; Ex parte Knox, 165 Texas Cr. Rep. 49, 303 S.W. 2d 388; and cases there cited.

We have been furnished with a certificate from the Texas Prison System showing that relator now has to his credit more than eleven years and further certifying that if the above sentences do not properly cumulate relator's term has been completed.

The writ of habeas corpus is granted, and the relator is ordered discharged from confinement under the above sentences.