Ex Parte Charles William Jurecka.

No. 30,743: April 29, 1959.

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

At a prior term of this court, relator made application for writ of habeas corpus, and permission to file was denied with the following order:

"Relator, an inmate of the penitentiary, seeks his release by writ of habeas corpus alleging that the cumulation of sentences which he is serving is defective.

"According to the information furnished this Court, petitioner was sentenced in the following causes:

"7-24-53, Criminal District Court of Harris County, Texas, No. 69,547, 2-7 years, 'No order of cumulation.'

"7-24-53, Criminal District Court #2 of Harris County, Texas, No. 69,548, 2-3 years, 'No order of cumulation.'

"7-24-53, Criminal District Court #3 of Harris County, Texas, No. 69,549, 2-7 years, 'Sentence not to commence until the judgment and sentence in Cause No. 69,548 assessed in Criminal District Court No. 2 of Harris County, Texas, has ceased to operate.'

"12-4-54, District Court, 23rd Judicial District, Fort Bend County, No. 7,295, 2-3 years, 'And the said defendant Charles Jurecka having, on the 24th day of July 1953, in the Criminal District Court of Harris County, Texas, in criminal cause No. 69,547, Styled The State of Texas vs. C. W. Jurecka, been duly and legally convicted of the offense of "Forgery," and his punishment therefor having been assessed and adjudged at confinement in the penitentiary for a term of 7 years and by virtue of Cause No. 69,548, styled The State of Texas vs. C. W. Jurecka, dated July 24th, 1953, of the Criminal District Court of Harris County, Texas, been duly and legally convicted of the offense of "Forgery," and his punishment theretofore having been assessed and adjudged at confinement in the penitentiary for a term of 3 years; and by virtue of Cause No. 69,549, styled The State of Texas vs. C. W. Jurecka, dated July 24th, 1953, of the Criminal District Court of Harris County, Texas, been duly and legally convicted of the offense of "Forgery," and his punishment therefor having been assessed and adjudged at confinement in the penitentiary for a term of 7 years, and he having on the 4th day of December, 1954, by the District Court of Fort Bend County, Texas, been sentenced in due form of law in accordance with said conviction, it is further considered, ordered, and adjudged that the punishment herein adjudged against the said defendant Charles Jurecka, shall begin when the said judgment and sentence on the preceding convictions in Harris County, Texas, shall have ceased to operate.'

"*The legal effect of the above sentences and orders of cumulation was to assess a term of ten (10) years against petitioner.*

"Petitioner's contention that all of the cumulative sentences as assessed against him are in error cannot be sustained. In Ex parte McClain, [161 Texas Cr. Rep. 400], 278 S.W. 2d 140, we held valid an order of cumulation which referred to the number

of the cause and the name of the court in which the prior conviction was had, and such case is here controlling. When the Court takes judicial knowledge that there is more than one Criminal District Court in Harris County, Texas, then the above order from the District Court of Fort Bend County cumulates only the term of years from the sentence in the Criminal District Court of Harris County, Texas, in criminal cause No. 69,547. Ex parte Hamilton, [163 Texas Cr. Rep. 283], 290 S.W. 2d 673.

"Application for permission to file writ of habeas corpus is denied."

It has been made to appear that relator now has credit for more than ten years' service, which satisfies the sentence in Cause No. 69,547 from the Criminal District Court of Harris County, plus the valid cumulation in the sentence in Cause No. 7,295 from the district court of Fort Bend County, and relator is entitled to be discharged.

It is so ordered.