**Ex parte William Joe ISOM.**

No. 36998.

Court of Criminal Appeals of Texas.

May 13, 1964.

Clyde W. Woody, Houston, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

An application for writ of habeas corpus was presented by petitioner to the Honorable Max M. Rogers, Judge of the 12th Judicial District Court, in which he alleged that he is being illegally restrained of his liberty by Honorable George Beto, Director of the Texas Department of Corrections, by virtue of certain judgments and commitments set out in the application.

Upon presentation of the petition, Judge Rogers, acting under Art. 119, Vernon's Ann.C.C.P., proceeded to hear the same and ascertain the facts, which facts have been transmitted to this court for determination as to whether the writ shall issue and the relief prayed for be granted.

The writ of habeas corpus not having been granted by Judge Rogers, we shall treat petitioner's application for writ of habeas corpus as an original application to this court.

The facts show that petitioner is being confined in the penitentiary under the following judgments and sentences:

Two judgments and sentences dated March 18, 1946, in causes numbered 7919 and 7920 in the 8th Judicial District Court of Hunt County, assessing petitioner's punishment in each case at confinement in the penitentiary for ten years, upon convictions for felony theft and burglary, respectively

The sentences were cumulated, making a total of twenty years to be served by petitioner in the two cases. See: Ex parte Isom, 168 Tex.Cr.R. 434, 331 S.W.2d 753.

Judgment dated January 21, 1949, and sentence dated January 28, 1949, in Cause No. 60879, styled The State of Texas v. William Joe Isom, in the Criminal District Court of Harris

County, wherein petitioner was convicted of robbery by assault and assessed punishment at confinement in the penitentiary for twenty-five years.

In pronouncing sentence in the cause it was ordered by the court that "this sentence is cumulative with the sentence in Cause No. 7919 assessed in the District Court of Hunt County, Texas."

Judgment dated February 15, 1950, and sentence dated February 16, 1950, in Cause No. 10212, styled The State of Texas v. Billy Isom, in the 12th Judicial District Court of Walker County, wherein petitioner was convicted of the offense "Escape from Prison" and assessed punishment at confinement in the penitentiary for three years.

The sentence pronounced by the court in the cause ordered that "this sentence cumulates with sentence in Cause No. 10679 in Harris County, Texas."

▮ When this court takes judicial notice that there is more than one district court in Hunt County (8th and 62nd Judicial Districts: Art. 199, Vernon's Ann.Civ. St.), it becomes apparent that the attempted order of cumulation of the twenty-five-year sentence assessed against petitioner in Cause No. 60879, in the Criminal District Court of Harris County, with the sentence assessed in Cause No. 7919 in the District Court of Hunt County, is insufficient because it does not designate the court in which the prior conviction was had. Ex parte Hamilton, 163 Tex.Cr.R. 283, 290 S.W.2d 673.

▮ The attempted order of cumulation of the Walker County sentence with the sentence in "Cause No. 10679" in Harris County is also insufficient. Petitioner was not convicted in Harris County in Cause *No. 10679* but had been convicted in Cause *No. 60879* in the Criminal District Court of Harris County and the attempted cumu-

lation of the sentence with the Walker County sentence was incorrect.

▮ The attempted cumulations of the sentences in Harris and Walker Counties being insufficient, the twenty-five-year sentence assessed against petitioner in Cause No. 60879 in the Criminal District Court of Harris County began to run on January 28, 1949, and the Walker County sentence began to run on February 16, 1950.

It is shown that the petitioner has accumulated more than twenty-five years' credit in the penitentiary since January 21, 1949, and that there are no other detainers against him.

Having served the sentences pronounced against him, petitioner is entitled to his release from confinement.

The writ of habeas corpus is granted and petitioner is ordered discharged.

Opinion approved by the court.